528 So.2d 1391 (1988)
Allie Mae HOLMES
v.
Larry CAESER, et al.
Alfred DICKERSON, et al.
v.
Ernest HOUSTON, et al.
Nos. CA-9233, CA-9234.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
Robert T. Hughes, New Orleans, for plaintiff-appellee.
James Maher, III, Legal Affairs, New Orleans Public Service, Inc., New Orleans, for defendant-appellant.
Before SCHOTT, BARRY and KLEES, JJ.
SCHOTT, Judge.
The issue in this case is whether a plaintiff claiming to have been injured in an accident while he was a passenger on a streetcar carried his burden of proof when he did not appear for the trial and the only evidence that he was on the streetcar is in a statement in the history section of a medical record from a hospital where he was treated the day after the accident.
On January 9, 1980 at about 8:00 a.m. there was a collision between an automobile operated by Ernest J. Houston and a New Orleans Public Service streetcar operated by Larry Caesar. The streetcar was proceeding uptown or West on St. Charles Avenue and the automobile was proceeding toward the river or south on First Street. There was a stop sign requiring traffic on First Street to stop and yield to traffic on St. Charles.
Houston and his wife testified they stopped for the sign, crossed the north side of St. Charles, and came to a stop in the neutral ground of St. Charles over the streetcar tracks waiting for traffic to clear on the south side of St. Charles. After being stopped there for three to four minutes according to Mrs. Houston and two to three minutes according to Mr. Houston, their car was struck by the streetcar. Neither of them saw the streetcar until the *1392 accident. After the impact Houston lost control of his car and struck a parked car on the south side of St. Charles Avenue.
According to Caesar he was proceeding along St. Charles in the streetcar when Houston's car ran through the stop sign at First and shot in front of him. He tried to avoid the accident but could not. His testimony is fully corroborated by that of three witnesses who were passengers seated on the right, toward the front of the streetcar and who stated that they saw the entire sequence of events.
Before the trial court were two claims, one by the present plaintiff, and the other by another alleged streetcar passenger, Allie Holmes. The trial court rendered judgments in favor of both claimants against Public Service and it appealed. Prior to oral argument in this court Holmes settled her case so that only plaintiff's case remains.
A careful review of the record raises a serious question as to whether the trial court committed manifest error in finding Caesar at fault at all for the accident. But we need not reach this issue because plaintiff failed to prove that he was on the streetcar and injured in the accident.
Plaintiff did not appear for trial. Defendant moved to dismiss his case. His attorney stated he was in jail but had appeared for trial a number of times previously only to have the case continued. No witness testified that plaintiff was on the streetcar. Plaintiff introduced medical records from Charity Hospital which established that he was treated for a soft tissue injury of the neck at 2:00 p.m. on January 10, 1980. Included in the report is a handwritten sentence in the "History" portion of the report stating: Sixteen years old male complaining of stiff neck since streetcar accident (1-9-80) in which he struck side of right mandible against window handle.
This is the only evidence to show that plaintiff was on the streetcar and that his medical condition was caused by the accident which occurred thirty hours previously.
The medical record was admissible in evidence by virtue of LSA-R.S. 13:3714 which provides:
Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination.
The statute's purpose is to save a litigant the difficulty and expense of producing as a witness each person who assisted in the treatment of the patient. It provides that the opposing party may defend against the record by calling those who made the record as witnesses under cross-examination. It provides for an exception to the hearsay rule with respect to those who made the medical record, i.e., the physicians, nurses, and technicians. Our problem, however, is not with the statement of a person who made the record but with the statement made by the plaintiff to the record maker. It is double hearsay of the witness whose confrontation by defendant is more important than any other witness in the case. We have concluded that the medical records statute does not intend or support the result reached by the trial court in this case and that plaintiff failed to carry his burden of proof.
Accordingly, the judgment of the trial court is reversed and set aside and there is judgment in favor of defendant New Orleans Public Service, Inc. and against plaintiffs, Alfred and Wilfred Dickerson, dismissing the suit at their cost.
REVERSED and RENDERED.