761 So.2d 27 (2000)
Ceola and Richard MORRIS
v.
PLAYERS LAKE CHARLES, INC.
No. 99-1864.
Court of Appeal of Louisiana, Third Circuit.
April 5, 2000.
Rehearing Denied May 31, 2000.
*28 Robert Schmolke, Steven Lemoine, Baton Rouge, LA, Counsel for Plaintiff.
Michael J. Remondet, Lafayette, LA, Counsel for Defendant.
Court composed of NED E. DOUCET, Jr., Chief Judge, SYLVIA R. COOKS, and MARC T. AMY, Judges.
DOUCET, Chief Judge.
The Plaintiff, Ceola Morris, claims that, while a patron of Players Casino in Lake Charles, Louisiana, she was injured by a falling piece of decorative woodwork or fretwork. The trial court dismissed her suit for damages finding that Morris failed to carry her burden of showing that her injury was caused by the Defendants. Morris appeals.
On October 1, 1994, Morris was a passenger on the M/V Players II, a river boat casino in Lake Charles, Louisiana. With her were her husband, Richard, her nephew and two friends. Morris and her husband separated from the others and spent the evening playing the slot machines. At about 8 a.m., John Charles Catha, a security guard on the boat, was notified of a problem on the starboard side of the first floor of the casino. Upon responding to the call, he found Morris lying on the floor. Some decorative woodwork was lying on the floor nearby. Catha called for an emergency medical technician. When the technicians arrived, Catha handled crowd control. Catha investigated and found that the woodwork came from a nearby window.
Morris was taken to Lake Charles Memorial Hospital (LCMH) and diagnosed as having a spinal cord contusion and cerebral concussion. She remained at Lake Charles Memorial Hospital for three days and was then transferred to Methodist Hospital in Houston, Texas for further treatment.
Morris and her husband filed suit against Players and a number of other defendants. By the time of trial, the only remaining defendants were Gary James, Curtis James, James Carpet and Millers Mutual Casualty Insurance Company of Texas, the installers of the fretwork and their insurer. The case was tried by a judge. Richard Morris failed to appear, and the trial court dismissed his claim. After hearing the testimony and evidence, the court also dismissed Ceola Morris' claim finding as follows:
Mrs. Ceola Morris testified that she was playing the slot machines and was talking to her husband, Richard, when the event occurred. She further stated that she did not have any memory of how the incident occurred. On cross examination Mrs. Morris admitted that she was under medication for high blood pressure and hypertension before this incident. She also admitted that she had a dizzy spell in 1993 due to her failure to take her medication. Therefore, she did not know if she was struck on the head by the "fretwork" or if she just blacked out, fainted and struck the floor. The only eyewitness was her husband who did not appear to testify on her behalf or on his own behalf.
The court cannot make an inference that an evidentiary fact exists without some establishment of a predicate fact. It is the plaintiff who must furnish the proof of the crucial facts necessary to show that defendants' conduct was the cause-in-fact of the resulting harm.
Morris appeals.

CAUSE-IN-FACT
Morris first asserts that the trial court erred in finding that she failed to prove facts necessary to show that the Defendants' conduct was the cause-in-fact of her injuries.
It is well settled that for alleged wrongful conduct to be actionable negligence it must be found to be a cause in fact of the resulting harm. Jones v. Robbins, 289 So.2d 104 (La.1973[1974]); Dixie Drive It Yourself System v. American Beverage Company, [242 La. 471, *29 137 So.2d 298 (1962)], Mixon v. Allstate Insurance Co., 300 So.2d 232 (La.App. 2d Cir.), writ refused, 303 So.2d 179 (La.1974). This determination of whether the conduct complained of bears a causal connection in fact to the occurrence of the accident is properly made without reference to those policy considerations required when ascertaining liability by the duty-risk approach. Thus if the plaintiff can show that he probably would not have suffered the injury complained of but for the defendant's conduct, he has carried his burden of proof relative to cause in fact. See Stewart v. Gibson Products Company of Natchitoches Parish Louisiana, Inc., 300 So.2d 870 (La.App. 3rd Cir.1974); Malone, Ruminations on Dixie Drive It Yourself versus American Beverage Company, 30 La.L.Rev. 363 (1970).
Katsanis v. State Farm General Ins. Co., 615 So.2d 1114,1119 (La.App. 5 Cir.1993)
The trial judge's finding was that Morris did not prove she was hit by the fretwork. Morris argues that because medical records are prima facie evidence of their contents and the record of LCMH shows that Richard Morris told the doctors that Morris was hit on the head by the fretwork, this constitutes prima facie evidence that she was, in fact, hit by the fretwork. The Fourth Circuit rejected a similar argument in Holmes v. Caeser, 528 So.2d 1391 (La.App. 4 Cir.1988). In that case, the only evidence that the plaintiff was on a street car and that his condition was caused by an accident involving the street car was statements made to emergency room personnel and contained in the hospital's record. The court, in that case, stated that:
The medical record was admissible in evidence by virtue of LSA-R.S. 13:3714 which provides:
Whenever a certified copy of the chart or record of any hospital, signed by the administrator or the medical records librarian of the hospital in question, is offered in evidence in any court of competent jurisdiction, it shall be received in evidence by such court as prima facie proof of its contents, provided that the party against whom the record is sought to be used may summon and examine those making the original of said record as witnesses under cross-examination.
The statute's purpose is to save a litigant the difficulty and expense of producing as a witness each person who assisted in the treatment of the patient. It provides that the opposing party may defend against the record by calling those who made the record as witnesses under cross-examination. It provides for an exception to the hearsay rule with respect to those who made the medical record, i.e., the physicians, nurses, and technicians. Our problem, however, is not with the statement of a person who made the record but with the statement made by the plaintiff to the record maker. It is double hearsay of the witness whose confrontation by defendant is more important than any other witness in the case. We have concluded that the medical records statute does not intend or support the result reached by the trial court in this case and that plaintiff failed to carry his burden of proof.
We agree with the Fourth Circuit's reasoning in this regard. Further, we note that the medical record provides at most prima facie evidence that the statements were made, not of the truth of those statements. For this reason, we find that the statements made by Richard Morris at the emergency room do not provide proof that Morris was hit on the head with the fretwork.
The record contains no other evidence which would establish that the fretwork actually hit Morris. There is nothing in the medical evidence or testimony which suggests that her injury could only have resulted from a blow to the head or that there were objective signs that this occurred. Morris admits that she has no *30 memory of the incident. Her husband, the only eye witness, did not appear at trial. Neither the fact that the fretwork was not properly installed, nor that it was found on the ground near her establishes conclusively that she was actually hit by the fretwork. "[W]hen more than one competing view [of the evidence] is permissible, as in this case, a fact finder's choice cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989), writ denied, 561 So.2d 105 (La.1990)." Guillory v. Insurance Company of North America, 96-1084, p. 5 (La.4/8/97); 692 So.2d 1029, 1032.
For these reasons, we find no error in the trial court's ruling. Costs of this appeal are to be paid by the Plaintiff/Appellant.
AFFIRMED.
COOKS, J., dissents.