804 So.2d 1 (2001)
Douglas A. ABADIE, et al.
v.
METROPOLITAN LIFE INSURANCE COMPANY, et al.
Addressing Individual Appeals: George Fitzgerald.
Nos. 00-CA-344, c/w 00-CA-345 to 00-CA-856.
Court of Appeal of Louisiana, Fifth Circuit.
April 11, 2001.
Robert E. Caraway, III, Plauché, Maselli, Landry & Parkerson, New Orleans, LA, Attorney for Defendants/Appellants, Steven Kennedy, Peter Territo, and American Motorists Insurance Company.
Mary L. Dumestre, Marjorie M. Campbell, Stone, Pigman, Walther, Wittmann & Hutchinson, L.L.P., New Orleans, LA, Attorneys for Defendants/Appellants, Avondale Executive Officers.
Samuel M. Rosamond, Fleming & Rosamond, Metairie, LA, Attorney for Defendant/Appellant, Commercial Union Insurance Company.
Thomas G. Milazzo, James L. Fletcher, Jr., Pamela B. Gautier, LeBlanc, Miranda, Warwick & Milazzo, Metairie, LA, Attorneys for Defendants/Appellants, Asbestos Corporation Limited.
*2 J. Burton LeBlanc, IV, Cameron R. Waddell, Brian F. Blackwell, Sandra A. Jelks, Dawn Smith Rodrigue, Steven M. Jupiter, LeBlanc, Maples and Waddell, L.L.C., Robert E. Arceneaux, Barham & Arceneaux, and Donni E. Young, Ness, Motley, Loadholt, Richard and Poole, New Orleans, LA, Attorneys for Plaintiffs/Appellees.
Panel composed of Judges DALEY, EDWARDS, and LOBRANO, Pro Tem.
DALEY, Judge.
Plaintiff George Fitzgerald sued Avondale Executive Officers and numerous manufacturers of asbestos-containing products for alleged injuries he suffered from asbestos exposure while working at Avondale Shipyards, Inc. His individual suit was consolidated for trial with other plaintiffs who worked at Avondale. For the historical and procedural background of this consolidated action, please refer to this court's previous opinion, Abadie v. Met. Life Ins. Co., et al., (La.App. 5th Cir.01), 784 So.2d 46 (hereinafter referred to as "previous opinion").
Following a six month trial against the defendants, the jury rendered a verdict in favor of Mr. Fitzgerald, finding that he had suffered an asbestos related injury, and finding defendants Westinghouse, GAF Corp./Ruberoid, National Gypsum, A.P. Green Industries, Pittsburgh Corning, Owens Corning Fiberglas, Asbestos Corporation Limited (ACL), James O'Donnell, and George Kelmell liable to Mr. Fitzgerald. The jury also made determinations of the fault of various settled asbestos product manufacturers. The jury awarded Mr. Fitzgerald $3,600.00 in damages. A judgment in accordance with the jury's verdict was rendered on May 13, 1996. Pursuant to Motion for JNOV, the trial court granted JNOV on December 9, 1996 raising the jury's damage award to $13,600.00.
George Fitzgerald did not testify at trial. Two medical reports and a one half page employment record from Avondale were introduced to support Mr. Fitzgerald's claim. George Fitzgerald's case raises the issue of whether he presented sufficient evidence to prove his claim. The plaintiffs argue that there was sufficient evidence and that Mr. Fitzgerald was entitled to recover for his damages. Plaintiffs specifically argue that it is not essential for a plaintiff to testify at trial. They further argue that since George Fitzgerald's employment sheet identifies his job title, welder/tacker, proof of his asbestos dust exposure was established through the testimony of other welders and tackers employed at Avondale.
The Avondale Executive Officers and ACL (the remaining defendants) argue that since Mr. Fitzgerald did not testify, and the only evidence of his employment and exposure to asbestos were his medical histories, the jury was clearly wrong in rendering a verdict in his favor. We agree and reverse.
In our previous opinion, we addressed the elements of proving causation in these consolidated asbestos cases. We held that "[t]o prevail, a plaintiff ... must show, by a preponderance of the evidence, that he was exposed to asbestos from the defendants' products, and that he received an injury that was substantially caused by that exposure. When multiple causes are present, a defendant's conduct is a cause if it is a substantial factor generating plaintiffs harm." Abadie v. Metropolitan Life Ins. Co., et al., supra at p. 63, 784 So.2d at 89-90. In George Fitzgerald's case, we find that the evidence is insufficient to prove causation and the jury's conclusion to the contrary is clearly wrong.
*3 The trial record reflects that Dr. Anthony Casolaro, a pulmonologist, examined George Fitzgerald for the plaintiffs on June 9, 1995. His report provides a brief occupational history, which does not mention employment at Avondale:
Mr. Fitzgerald first began work as a pipefitter at the Equitable Shipyard. He worked from 1962 to 1967 as a shipfitter and he intermittently removed asbestos from pipes. Twenty-five percent of the time insulators using asbestos worked directly near him. He worked for a concrete company from 1967 to 1972, building a causeway. He has been self-employed since 1972.
Dr. W. Brooks Emory, a pulmonologist, examined Mr. Fitzgerald for the defendants on July 6, 1995. His report provides a brief occupational history:
The patient has worked as a dairy farmer off and on all of his life. He has served no military time. He was employed in various shipyards from approximately 1960 to 1966 or 1967. He states that he worked as a shipfitter for approximately three to four years at Avondale Shipyards from 1962 to 1967. He was employed for several years at Equitable Shipyard, as well as the Pre Stress Concrete facility as a fitter, both businesses of which were located in Mandeville, Louisiana. He then worked as a pipefitter at various refineries and plants as a non-Union employee along the Mississippi River Corridor. The job which he held for the longest period of time was at the Chevron facility for approximately nine months where he did construction.
A supplemental report dated August 17, 1995, attached to Dr. Emory's report, references Dr. Mitchell's report of June 29, 1991, which was not entered into evidence. It apparently stated that the patient was employed at Avondale Shipyards from 1961 to 1966 as well as Equitable Shipyard from 1960 to 1961.
The Avondale employment records entered into evidence do not contain a record for Mr. Fitzgerald. It does not appear that any other plaintiff or witness, other than the examining physicians, mentioned Fitzgerald in their testimonies. The medical histories are the only evidence that tend to show when Mr. Fitzgerald worked at Avondale and his job duties. Even though the reports are admissible in evidence, it would be patently unfair to allow Mr. Fitzgerald to rely solely on those statements to satisfy his burden where cross examination by defendants is effectively denied. We find the evidence presented in the medical histories concerning Mr. Fitzgerald's employment at Avondale insufficient to satisfy Mr. Fitzgerald's burden of proof that he was employed at Avondale, let alone experienced any asbestos exposure there.
In Dunckelman v. T. Baker Smith & Sons, Inc., 447 So.2d 26 (La.App. 1 Cir. 1984), the plaintiff did not testify on his own behalf. The only evidence presented was the deposition testimony of a medical expert, Dr. Rumage, who indicated that given a set of assumptions, the disease plaintiff suffered from probably was contracted by exposure at plaintiff's work. The underlying factual basis for the expert's assumptions were not established at trial. The trial court and the court of appeal affirmed that the evidence presented failed to preponderate in plaintiff's favor, and that the plaintiff failed to carry his burden. Dunckelman at 29.
A litigant owes the courts a duty to assist in elucidating the truth on matters material to his case. Dunckelman, id. In the case at bar, Mr. Fitzgerald did not testify on his own behalf for reasons unknown to the court. We held in Dufrene *4 v. Asbestos Corporation Limited, OO-CA-745, 734 (La.App. 5th Cir.4/11/01), 804 So.2d 4, that medical history alone is insufficient to carry plaintiffs burden: "... the medical record provides at most prima facie evidence that the statements were made, not of the truth of the statements," relying on Morris v. Players Lake Charles, Inc., 99-1864 (La. App 3rd Cir. 4/5/00), 761 So.2d 27, 29. We hold that the medical evidence in the record is insufficient to prove by a preponderance of the evidence that Mr. Fitzgerald worked at Avondale or was exposed to asbestos there.
For the above reasons, we REVERSE the judgment in favor of George Fitzgerald and dismiss his suit, with prejudice. All costs of this appeal are to be paid by plaintiff.
REVERSED.