| .¡ROBERT L. LOBRANO, Judge Pro Tempore.
Plaintiff, Clarence Dufrene, sued certain Avondale Executive Officers and numerous manufacturers of asbestos-containing products alleging that he sustained injuries as a result of exposure to those products while working at Avondale Shipyards, Inc. His individual suit was consolidated for trial with numerous other plaintiffs who also worked at Avondale. After trial, the jury awarded Mr. Dufrene $6,000.00 against various defendants. That award was increased by the trial judge on motion for JNOV to $18,500.00. The instant appeal of Mr. Dufrene’s case was consolidated with the other asbestos cases on appeal. In our initial opinion, rendered March 28, 2001, we disposed of issues common to all of the consolidated appeals, as well as issues specific to the seven Group 1 plaintiffs. Abadie v. Metropolitan Life Ins. Co., 00-344 (La.App. 5th Cir.3/28/01), 784 So.2d 46. In addition to the questions that are similar to each plaintiffs’ claim, Mr. Dufrene’s case raises the issue of whether he presented sufficient evidence to prove his claim. Specifically, the Avondale | Executive Officers and Asbestos Corporation Limited (the remaining defendants) argue that since Mr. Dufrene did not testify and the only evidence of the circumstances of his employment at Avondale is his medical histories, the jury was clearly wrong in rendering a verdict in his favor. We agree and reverse.
Mr. Dufrene did not testify at trial. Two medical reports concerning Mr. Du-frene were introduced into evidence. Dr. Nuttli evaluated Mr. Dufrene on May 13, 1995. He testified that prior to examining Mr. Dufrene, he took an occupational history. That history is set forth in Dr. Nuttli’s report of May 13, 1995 and provides:
His occupational history involves being an aluminum welder for the past 30 years. He has worked eight-to-ten hour days breathing dense argon smoke in crew boats and ships. He also did a small amount of carpentry work. From 1969 until '71 or 72 for about two-and-a-half years, he worked at Avondale doing destroyer work with asbestos blankets over himself and over the parts he was welding to prevent welding damage. He never did any insulation work, but for those initial two-and-a-half years he says he worked in very dusty, asbestos-laden conditions. He says that when he started working in 1972 to current with small *6 boats that he has had minimal if any asbestos exposure since then.
The report and supplemental report of Dr. W. Brooks Emory, dated May 10, 1995 and August 15, 1995, were also introduced into evidence. The May 10th report provides the following employment history:
The patient states that he worked at Robinson Can Company in Westwego, Louisiana for approximately 18 months as his initial employment. Then, from 1969 to 1971 or 1972, he worked at Avondale Shipyards within the vicinity of insulation. His job title was that of welder/tacker. He worked within the ships where construction was ongoing, and he stated that insulation was applied in the vicinity adjacent to his welding site. Subsequently, he was employed for approximately 18 months at a local grain elevator in Westwego as a laborer. He then worked at various shipyards in the New Orleans area in the construction of aluminum boats. He states that in this capacity he had no asbestos exposure, since the boats on which he worked were smaller in size, had no asbestos insulation, and if there was any asbestos at all, it was in the fiberglass. He states that for the past two and one-half years he has been self-employed in welding and boat construction.
IfiThe supplemental report of August 15, 1995 references Dr. Nuttli’s May 13th report and repeats the history given in that report. The supplemental report also references a March 7, 1992 report authored by Dr. Larry M. Mitchell wherein Mr. Dufrene’s history given to Dr. Mitchell is repeated.
The record is void of any other evidence of Mr. Dufrene’s employment circumstances or history.[1] The statements given by Mr. Dufrene to Drs. Nuttli and Emory are undoubtedly hearsay. The references to the history given to Dr. Mitchell in the supplemental report are double hearsay. However, they are admissible in evidence pursuant to Code of Evidence article 803(4), which provides that statements for purposes of medical treatment or diagnosis in connection with treatment are not excluded by the hearsay rule. This exception to the hearsay rule is premised on the assumption that a patient will not be untruthful to a doctor whose treatment will depend partially on what the patient tells the physician. Presumably, the patient’s statements will be accurate. However, official comment (b)’s reference to the specific phrase “reasonably pertinent to treatment or diagnosis in connection with treatment” arguably suggests that since Mr. Dufrene received only evaluations and no treatment from both doctors, article 803(4) would not apply. That argument need not be addressed since defendants made no objections nor arguments with respect to admissibility. Thus, the specific issue is whether those statements, standing alone, are sufficient to sustain Mr. Dufrene’s burden „ of proof. We hold they do not.
The medical histories are the only evidence which tends to show when and where Mr. Dufrene worked at Avondale, his job duties, and the circumstances of his employment. Even though admissible in evidence, it would be patently unfair to allow Mr. Dufrene to rely solely on those statements to satisfy his burden where cross | ^examination by defendants is effectively denied. In Holmes v. Caeser, 528 So.2d 1391 (La.App. 4 Cir.1988), the court held that where the only evidence that plaintiff was on the street car which was involved in an accident were statements he *7 made to emergency room personnel contained in the hospital’s record, plaintiff failed to carry his burden. The court noted that the plaintiffs statement constituted “double hearsay of the witness [the plaintiff] whose confrontation by defendant is more important than any other witness in the case.” Id. at 1392.[2] Similarly, in Morris v. Players Lake Charles, Inc. 99-1864 (La.App. 3 Cir. 4/5/00), 761 So.2d 27, writ denied 2000-1743 (La.9/29/00), 770 So.2d 349, the Third Circuit concluded that the statement given by the plaintiffs husband to the physician as to the cause of plaintiffs injuries, standing alone, was insufficient to prove plaintiffs case. The court relied on Holmes in reaching its conclusion, but also noted that “the medical record provides at most prima facie evidence that the statements were made, not of the truth of the statements.” Morris v. Players Lake Charles, Inc., supra, at 4, 761 So.2d at 29.
In Abadie v. Metropolitan Life Ins. Co., supra, we addressed the elements of proving causation in these consolidated asbestos cases. We held that “[t]o prevail, a plaintiff ... must show, by a preponderance of the evidence, that he was exposed to asbestos from the defendants’ products, and that he received an injury that was substantially caused by that exposure. When multiple causes of injury are present, a defendant’s conduct is a cause in fact if it is a substantial factor generating plaintiffs harm.” In Mr. Dufrene’s case, we find that the evidence is insufficient to prove causation and the jury’s conclusion to the contrary is clearly wrong. The 17entirety of his evidence is the statements he gave to Drs. Emory and Nuttli, which, although admissible as hearsay exceptions, standing alone are insufficient to carry his burden.
For the above and foregoing reasons we reverse the judgment in Mr. Dufrene’s favor and dismiss his suit, with prejudice. All costs of this appeal are to be paid by plaintiff.
REVERSED.

. While both Drs. Nuttli and Emory testified, their testimony with respect to Mr. Dufrene's work history is nothing more that what is contained in the reports.

. The plaintiff's statement in Holmes constituted "double hearsay" because only the medical record was introduced with no testimony from the “record maker”. In the instant case, since both Drs. Nuttli and Emory testified, Mr. Dufrene's statement to them would not be "double” hearsay. The statement to Dr. Mitchell, repeated by Dr. Emory would be “double” hearsay. Regardless, that is a distinction without a difference because the principle is the same. Defendants could not cross examine nor confront the only evidence used to prove plaintiff’s case.