|SDALEY, Judge.
Plaintiff John Landry sued Avondale Executive Officers and numerous manufacturers of asbestos-containing products for alleged injuries he suffered from asbestos *9 exposure while working at Avondale Shipyards, Inc. His individual suit was consolidated for trial with other plaintiffs who worked at Avondale. For the historical and procedural background of this consolidated action, please refer to this court’s previous opinion, Abadie v. Met. Life Ins. Co., et al., 00-344 (La.App. 5th Cir.3/28/01), 784 So.2d 46 (hereinafter referred to as “previous opinion”).
Following a six month trial against defendants, CBS Corporation (Westinghouse), GAF/Ruberoid, National Gypsum, A.P. Green, Owens-Corning Fiberglas, Pittsburgh-Corning, Asbestos Corporation Limited (ACL), and six Avondale Executive Officers,[1] the jury rendered a verdict in favor of Mr. Landry, finding that he had suffered an asbestos related injury, and finding all named defendants, except James O’Donnell, liable to Mr. Landry. The jury also made determinations of the fault of | various settled asbestos product manufacturers. The jury awarded Mr. Landry $5,600.00 in damages. A judgment in accordance with the jury’s verdict was rendered on May 13, 1996. Pursuant to motion for JNOV, the trial court granted JNOV on December 9, 1996 raising the jury’s damage award to $15,600.00.
John Landry did not testify at trial. Two medical reports and a half page employment record from Avondale were introduced to support Mr. Landry’s claim. John Landry’s case raises the issue of whether he presented sufficient evidence to prove his claim. The plaintiffs argue that there was sufficient evidence and that Mr. Landry was entitled to recover for his damages. Plaintiffs specifically argue that it is not essential for a plaintiff to testify at trial. They further argue that since John Landry’s employment sheet identifies his job title, welder/tacker, proof of his asbestos dust exposure was established through the testimony of other welders and tackers employed at Avondale.
The Avondale Executive Officers and ACL (the remaining defendants) argue that since Mr. Landry did not testify, and the only evidence of the his employment and exposure to asbestos were his medical histories and an employment sheet that set forth his job title and rate of pay, the jury was clearly wrong in rendering a verdict in his favor. We agree and reverse.
In our previous opinion, we addressed the elements of proving causation in these consolidated asbestos cases. We held that “[t] o prevail, a plaintiff ... must show, by a preponderance of the evidence, that he was exposed to asbestos from the defendants’ products, and that he received an injury that was substantially caused by that exposure. When multiple causes are present, a defendant’s conduct is a cause if it is a substantial factor generating plaintiffs harm.” Abadie v. Metropolitan Life Ins. Co., et al., supra 5at p. 63, 784 So.2d at 89-90. In John Landry’s ease, we find that the evidence is insufficient to prove causation and the jury’s conclusion to the contrary is clearly wrong.
The trial record reflects that Dr. Zim-met examined John Landry for the plaintiffs on June 23,1995. His report provides a brief occupational history which states:
Mr. Landry was employed as a welder for five or six years during' the 1970’s at Avondale Shipyard. In this capacity he sometimes used an asbestos blanket “for protection.” He worked in close proximity to co-workers who mixed and applied asbestos on a regular basis.
*10 Dr. Grimstead examined Mr. Landry for the defendants on May 17, 1995. His report provides a brief occupational history:
He is a 49 year old male who states he worked at Avondale beginning in the 1970’s doing insulation for pipes, and the pans of engines, and using asbestos. He said most of the asbestos was on sheets, but he was exposed to some dust from cutting the asbestos.
The only other evidence presented was a half page Avondale employment sheet. The employment record stated that Mr. Landry was hired in February 1973 and worked there three years until February 1976. It documents Mr. Landry’s pay scale and job classifications. Mr. Landry was classified as a tacker for the first six months and then he became a welder. The half page employment record contains minimal information. The employment record does not indicate where Mr. Landry worked at Avondale, the circumstances of his employment, the hours he worked, the products he used at Avondale or the specific duties of his position.
Appellees argue that Mr. Landry’s supervisor is identified on the employment record and, therefore, through the testimony of another employee, Woodward Laird, establishes Mr. Landry’s asbestos exposure. We have reviewed Mr. Laird’s testimony and have found no mention of Mr. Landry as a co-worker. Mr. Laird’s deposition testimony does state that his welder superintendent was Bill Alexander, and Mr. Landry’s employment record lists “Alexander 2” and “Alexander” in the supervisor IfiColumn. Even assuming that they shared the same supervisor, which is not at all clear from the record, it does not establish that Mr. Landry and Mr. Laird shared the same asbestos exposure. We find the evidence presented concerning Mr. Landry’s asbestos exposure insufficient to satisfy Mr. Landry’s burden of proof.
In Dunckelman v. T. Baker Smith & Sons, Inc., 447 So.2d 26 (La.App. 1 Cir. 1984), the plaintiff did not testify on his own behalf. The only evidence presented was the deposition testimony of a medical expert, Dr. Rumage, who indicated that given a set of assumptions, the disease, plaintiff suffered from probably was contracted by exposure at plaintiffs work. The underlying factual basis for the expert’s assumptions were not established at trial. The trial court and the court of appeal affirmed that the evidence presented failed to preponderate in plaintiffs favor, and that the plaintiff failed to carry his burden. Dunckelman at 29.
A litigant owes the courts a duty to assist in elucidating the truth on matters material to his case. Dunckelman, id. In the case at bar, Mr. Landry did not testify on his own behalf for reasons unknown to the court. We held in Dufrene v. Asbestos Corporation Limited, 00-CA-673, 578, 500, 382 (La.App. 5th Cir.4/11/01), that medical history alone is insufficient to carry plaintiffs burden, “... the medical record provides at most prima facie evidence that the statements were made, not of the truth of the statements”, relying on Morris v. Players Lake Charles, Inc., 99-1864 (La.App 3 Cir. 4/5/00), 761 So.2d 27, 29. We hold that the limited work record introduced into the record is insufficient to prove by a preponderance of the evidence that Mr. Landry was exposed to asbestos at Avondale.
|7For the above reasons, we REVERSE the judgment in favor of John Landry and dismiss his suit, with prejudice. All costs of this appeal are to be paid by plaintiff.
REVERSED.

. James O’Donnell, Steven Kennedy, John Chantrey, Peter Territo, George Kelmell, and J.D. Roberts.