ROBERT M. MURPHY, Judge.
| gPIaintiff/appellant appeals trial court rplings in this personal injury case that granted defendants’ motions in limine to exclude evidence, as well as defendants’ motion .for partial summary judgment on the issue of liability.. For the reasons that follow, we .affirm.

FACTS AND PROCEDURAL HISTORY

Oh June 8, 2009, plaintiff, William R: Gooding (“Gooding”), filed a petition for damages that alleged he had been injured bn August 13, 2008, when the passenger door of a car driven by defendant, Anne Merrigan (“Merrigan”), knocked plaintiff down in his driveway. Gooding[1] asserted that as a result of the fall, he sustained a fractured hip and other injuries. Merri-gan[2] denied the allegations in Gooding’s petition and further asserted that Gooding was' injured as a result of his own negligence. As discovery proceeded in this matter, Merrigan and her insurer filed several motions in limine pertaining to Gooding’s potential |switnesses, as well as evidence he sought to introduce in a future jury trial on the merits. Two of these evidentiary rulings'were, reviewed by this Court on writs.[3]
*580 On June 16, 2014, defendants filed a motion for summary judgment on the issue of liability, which the trial court granted following a hearing on August 6, 2014. Plaintiff was granted the instant devolutive appeal.

DISCUSSION

On appeal, plaintiff raises four assignments of error: 1) The trial court erred in granting defendants’ motions in limine prohibiting any reference to plaintiffs medical records regarding how plaintiff said he was injured; 2) The trial court erred in striking plaintiffs statement, which was taken by a third party; 3) The trial court erred in ruling a videotape of a fall plaintiff sustained at Hollywood Casino on December 23, 2008 inadmissible; and 4) The trial court erred in granting defendants’ summary judgment on the issue of liability.
Defendants first contend that several of the evidentiary issues raised on appeal are “law of the case” and therefore should not be reconsidered by this Court. Next, defendants argue that plaintiffs statement, which was contained within his medical records, and a second unsworn statement by plaintiff, were both properly excluded by the trial court as hearsay. Finally, defendants assert that the evidence deemed admissible by the trial court was insufficient to establish a genuine issue of material fact on the issue of liability, and therefore the trial court properly granted summary judgment in favor of defendants.

Law of the case

In Pumphrey v. City of New Orleans, 05-979 (La.4/4/06), 925 So.2d 1202, the Louisiana Supreme Court[4] explained the judicial principle of “law of the case” as follows:
|4With regard to an appellate court, the ‘law of the case’ refers to a policy by which the court will not, on a subsequent appeal, reconsider prior rulings in the same case. This policy applies only against those who were parties to the case when the former appellate decision was rendered and who thus had their day in court. Among reasons assigned for application of the policy are: the avoidance of indefinite relitigation of the same issue; the desirability of consistency of the result in the same litigation; and the efficiency, and the essential fairness to both parties, of affording a single opportunity for the argument and decision of the matter at issue.
Nevertheless, the law-of-the-case principle is applied merely as a discretionary guide: Argument is barred where there is merely doubt as to the correctness of the former ruling, but not in cases of palpable former error or so mechanically as to accomplish manifest injustice.
Id. at 1207. As noted infra, evidentiary issues in this matter have twice come before this Court in writ applications. In Gooding v. Merrigan, 13-253 (La.App. 5 Cir. 5/9/13) (unpublished writ disposition), plaintiff challenged the trial court’s February 7, 2013 order that granted defendants’ motions in limine to exclude from evidence: “Hearsay Hospital Records”; the testimony of ambulance attendant Christopher Deist; and the “Unsworn Statement” of plaintiff “following the alleged accident in August 2008 and prior to his demise in 2009.” In denying the writ, this Court held:
We have carefully reviewed relator’s [plaintiffs] writ application and find no legal error in the actions of the trial judge. The statement to the insurance *581 adjuster was properly excluded as un-sworn hearsay not subject to cross-examination. We further note that the ruling of the trial judge as to the medical records is that only those portions relating to liability for the accident are to be excluded, Trascher v. Territo, 11-2093 (La.5/8/12), 89 So.3d 357; see also Abadie v. Metropolitan Life Insurance Company, 00-344 to 00-856 (La.App. 5 Cir. 4/11/01), 804 So.2d 4.
Gooding v. Merrigan, supra. Plaintiff did not seek review of this Court’s ruling from the Louisiana Supreme Court.
|BOn appeal, plaintiffs first two assigned errors are:
1. Whether the history of how this plaintiff was injured as recorded in certified medical records can be excluded as .evidence, in this case.
2. Whether the recorded statement of an injured plaintiff1 taken by an adverse party, while the potential plaintiff was not represented by counsel, should be admitted into evidence, considering the plaintiff has died.
In these two , assignments, plaintiff does, in fact, challenge the correctness of this Court’s former ruling on the exact same evidentiary issues addressed on -writs. This circumstance appears to be exactly on point with the type of re-litigation that the “law of the case” doctrine is designed to prevent. In any event, even though these two issues were previously considered and rejected by this Court on writs, on appeal we likewise find they lack merit.

Hospital records

Both at the trial court and in the writ to this Court,'plaintiff previously argued that the version of the accident provided to ambulance personnel and treating doctors by him should have been admissible to show causation for the accident, and therefore liability on the part of defendants. The trial court found, and this Court agreed, that the portion of plaintiff’s medical records, which purported to give a reason for his injuries, was hearsay. In so holding, we relied on the case of Trascher v. Territo, 11-2093 (La.5/08/12), 89 So.3d 357:
Hearsay is “a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted.” La. C.E. art. 801C. Hearsay is inadmissible “except as otherwise provided by this Code or other legislation.” La. C.E. art. 802. Hearsay is excluded because the value of the statement rests on the credibility of the out-of-court asserter who is not subject to cross-examination and other safeguards of reliability. State v. Brown, 562 So.2d 868, 877 (La.1990); State v. Martin, 458 So.2d 454 (La.1984). However, when an extrajudicial declaration or statement is offered for a purpose other than to establish the truth of the assertion, its evidentiary value is not dependent upon |fithe credibility of the out-of-court asserter and the declaration or statement falls outside the scope of the hearsay exclusionary rule. Id.
Id. at 364.
Plaintiff now argues that his medical records, with the history of his injuries, should have-been admitted under La. C.E. art. 803, sections (3) and (4).[5] While La. *582 C.E. art. 803(3) could arguably apply because the statement in the medical records pertained to a physical condition, section (3) also specifically provides that, “A statement of memory or belief, however, is not admissible to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of declarant’s testament.” In this instance, plaintiff would use his statements to the treating physicians to prove that the accident was not his fault, a conclusion that relies solely on plaintiffs credibility. This meets the very definition of hearsay.[6] With respect to section (4) of La. C.E. art. 803, plaintiffs | ^argument is that the medical records “with the history of his injuries” is admissible as.a hearsay exception. However, the plain wording of the statute does not address a history- of injury, only a “medical history.”-' Even if-we were to accept plaintiffs interpretation of section (4), any history of injury in the medical report would again be based on the credibility of plaintiff and his version of events, which amounts to hearsay. In this case, as in Territo, supra, there was no cross-examination of plaintiff,[7] and therefore we find that any details he may have given to *583 medical providers about the accident, which are contained in his medical records, were properly excluded. We find this assignment to be without merit. , . .

Plaintiff’s Unsworn Statement To Defendant’s Insurance Adjuster

At issue is the transcript of a recorded phone call from September 19, 2008, between plaintiff and an Encompass insurance adjuster. The admissibility of this evidence was also expressly addressed in Gooding v. Merrigan, 13-253, supra. As indicated above, this Court previously found that “[t]he statement to the insurance adjuster was properly excluded as unsworn hearsay not subject to cross-examination.” Id. On appeal, plaintiff argues that “Gooding’s unsworn recorded statement to the defendant insurance adjustor could be considered to have been a business record made in the ordinary course of business and therefore admissible as that hearsay exception.” The record shows that plaintiff did not previously argue the business records exception, either in his brief opposing defendants’ motion in li-mine to exclude the statement, nor during the January 25, 2013 argument on the motion. As articulated by the Louisiana Supreme Court in Council of New Orleans v. Washington, 09-1067 (La.5/29/09), 9 So.3d 854, “[t]he well-settled | jurisprudence of this court establishes that as a general matter, appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed.” Id. at 856. Accordingly, while we could decline review of the assignment on this basis, as well as the law of the case doctrine, in our review of the merits of this claim, we specifically find no error in the trial court’s ruling or in this Court’s prior review.
In' his fourth assignment of error, plaintiff claims that the trial court erred in granting defendants’ motion for summary judgment on the issue, of liability. However, this assignment of error has not been briefed. According; to Rule 2-12.4 of the Uniform Rules-Courts of Appeal, all specifications or assignments of error must be briefed and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed., Silbemagel v. Silbemagel, 06-879 (La.App. 5 Cir. 4/11/07), 958 So.2d 13, Even if considered, however, we still find this assignment to be without merit.
Appellate courts review the granting or denial of a motion for summary judgment de novo using the same standards applicable to the trial court’s consideration of whether summary judgment is appropriate. Suarez v. Mando, 10-853 (La.App. 5 Cir. 3/29/10), 62 So.3d 131, 133, writ denied, 11-885 (La.6/17/11), 63 So.3d 1036. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions, together -with affidavits, admitted for purposes of the motion for summary, judgment, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2). A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Hines v. Garrett, 04-806 (La.6/25/04), 876, So.2d 764, 765 (per curiam). A genuine issue is a “triable issue.” Jones v.. Estate of Santiago, 03-1424 (La.4/14/04), 870 So.2d 1002. If reasonable persons, could disagree after considering the evidence, a genuine issue exists. However, if reasonable persons could reach only one conclusion on the state of the evidence, there is no need for a trial on that issue and- summary judgment is appropriate. Suarez, supra. “In..determining whether an issue is ‘genuine,’ courts *584 cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.” Haydel v. State Farm Insurance Company, 05-0701 (La.App. 1 Cir. 3/24/06), 934 So.2d 726. The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of most civil actions and is favored in the law. La. C.C.P. art. 966(A)(2).
In Samaha v. Rau, 07-1726 (La.2/26/08), 977 So.2d 880, the Louisiana Supreme Court explained the burden that the mover for a motion for summary judgment has to show that the other party lacks factual support for their position.
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant’s burden on the motion does not require him to negate all essential elements of the adverse party’s claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. Thereafter, if the adverse party fails to produce -factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent’s case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial— Once the motion for summary judgment has been properly supported by the moving | mparty, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion. (Emphasis added; citation omitted)
(Citations omitted). Id. at 883.
With regard to the issue of liability, plaintiff acknowledges that there were no eyewitnesses to Merrigan’s front passenger door allegedly striking him. It is also not disputed that neither Gooding nor Merrigan gave depositions in this case pri- or to passing away. As discussed above, the portion of the medical records that gives plaintiffs version of the accident, as well as the unsworn statement that plaintiff gave to an insurance adjuster, were both properly excluded as hearsay evidence by the trial court. Given that no admissible evidence can be produced by plaintiff to demonstrate that Merrigan was responsible for his injuries, we find that the trial court did not err in granting summary judgment on the issue of liability in favor of defendants.
Based upon our finding that the trial court did not err in granting summary judgment in favor of defendants on the issue of liability, we pretermit discussion of plaintiffs third assignment of error pertaining to the admissibility of a videotape that purports to show a second fall that plaintiff sustained months after the accident at issue. In finding that defendants bore no liability for the first accident, any potential evidence regarding damages is moot.
*585 DECREE
For the foregoing reasons, we find that the trial court did not commit error in granting defendants’ motion in limine to exclude evidence as well as the motion for summary judgment on the issue of liability. Therefore, we affirm the judgments of the trial court.

AFFIRMED

. The record reflects that after the petition had been filed, William R. Gooding, Sr. passed away on June.9, 2009. ■ Defendants thereafter consented to the substitution of Gooding’s sons, William B. Gooding and Robert B. Gooding, as plaintiffs. For the purpose of this opinion, the substituted parties will be referred to as ‘‘plaintiff.”

. On May 27, 2015, this Court dismissed Anne Merrigan as a defendant upon the motion of her insurer, Encompass Insurance Company of America ("Encompass”), who represented that she had passed away on December 6, 2011. For the purpose of this opinion, Merri-gan and her insurer will be referred to as “defendants.”

. Gooding v. Merrigan, 13-253 (La.App. 5 Cir. 5/9/13)(unpublished writ disposition); Gooding v. Merrigan, 14-349 (La.App. 5 Cir. 5/30/14)(unpublished writ disposition).

. Quoting Day v. Campbell-Grosjean Roofing & Sheet Metal Corp., 260 La. 325, 256 So.2d 105, 107 (La.1972).

. La. C.E. Art. 803 provides in relevant part:
The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
[[Image here]]
(3) Then existing mental, emotional, or physical condition. — A statement of the de-clarant's then existing state of mind, emotion, sensation, or physical condition (such as intent, plan, motive, design, mental feel *582 ing, pain, and bodily health), offered to prove the declarant's then existing condition or his future action. A statement of memory or belief, however, is not admissible, to prove the fact remembered or believed unless it relates to the execution, revocation, identification, or terms of de-clarant’s'testament.
(4) Statements for purposes of medical treatment and medical diagnosis in connections with treatment. — Statements made for purposes of medical treatment and medical diagnosis in connection with treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to treatment or diagnosis in connection with treatment.

. In Abadie v. Metropolitan Life Insurance Company, 00-344 (La.App. 5 .Cir. 4/11/01), 804 So.2d 4, we held that the plaintiff could not use medical records to attempt to establish facts not otherwise supported by the record:
The medical histories are the only evidence which tends to show when and where Mr. Dufrene worked at Avondale, his job duties, and the circumstances of his employment. Even though admissible in evidence,, it would be patently unfair to allow Mr. Dufrene to rely solely on those statements to satisfy his burden where cross examination by defendants is effectively denied. In Holmes v. Caeser, 528 So.2d 1391 (La.App. 4 Cir.1988), the court held that where ‘the only evidence that plaintiff was on the street car which was involved in an accident were statements he made to emergency room- personnel contained in the hospital’s record, plaintiff failed to carry his burden. The court noted that the plaintiff’s statement constituted “double hearsay of the witness [the plaintiff] whose confrontation by defendant is more important than any other witness in the case.” Id. at 1392. Similarly, in Morris v. Players Lake Charles, Inc. 99-1864 (La.App. 3 Cir. 4/5/00); 761 So.2d 27, writ denied, 00-1743 (La.9/29/00), 770 So.2d 349, the Third Circuit concluded that the statement given by the plaintiffs husband to the physician as to the cause of plaintiff’s injuries, standing alone, was insufficient to prove plaintiff's case. The court relied on Holmes in reaching its conclusion, but also noted that "the medical record provides at most pri-ma facie evidence that the statements were made, not of the truth of the statements.” Morris v, Players Lake Charles, Inc., supra; at 4, 761 So.2d at 29.
Abadie, at page 5.

. Compare this result to cases such as Renter v. Willis-Knighton Medical Ctr., 28,589 (La.App. 2 Cir. 8/23/96), 679 So.2d 603, in which it was demonstrated at trial that the plaintiff's medical history, as she herself communicated ■ it to treating physicians, was contradicted by other evidence and may possibly have been false. In that case, however, the defendants had the opportunity to challenge the credibility of the plaintiff's claims of causation contained in her medical record, an opportunity not afforded to the defendants in the instant case.