| | | |
|---|---|---|
| JOSE RODRIGUEZ-ZALDIVAR AND DYLCIO RODRIGUEZ CRUZ | * | NO. 2021-CA-0478 |
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| CHARLES LEGGETT AND PROGRESSIVE CASUALTY INSURANCE COMPANY | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2015-12246, DIVISION "C"
Honorable Sidney H. Cates, Judge
* * * * * *
**Judge Joy Cossich Lobrano**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Dale N. Atkins)

**On Remand from Louisiana Supreme Court**

Miguel A. Elias
Paula J. Ferreira
Graham Brian
LAW OFFICE OF MIGUEL A. ELIAS
4224 Williams Boulevard
Kenner, LA 70065

     COUNSEL FOR PLAINTIFFS/APPELLEES

Christopher M. Short
Nat G. Kiefer, Jr.
Kris P. Kiefer
KIEFER & KIEFER
1100 Poydras Street, Suite 1300
New Orleans, LA 70130

     COUNSEL FOR DEFENDANT/APPELLANT

**REVERSED AND RENDERED**

**MARCH 29, 2023**

This motor vehicle accident case is before this Court on remand from the Louisiana Supreme Court. *Rodriguez-Zaldivar v. Leggett*, 22-01688 (La. 2/7/23), 354 So.3d 658. On our *de novo* review, we reverse the March 10, 2021 judgment of the district court, which awarded plaintiffs/appellees, Jose Rodriguez-Zaldivar ("Zaldivar") and Dylcio Rodriguez Cruz ("Cruz") (collectively, "Plaintiffs"), $15,000 and $65,000, respectively, in damages. Further, we render a judgment in favor of defendant/appellant, Progressive Security Insurance Company ("Progressive"), and dismiss Plaintiffs' claims with prejudice.

The facts and procedural history of this matter are set forth in detail in this Court's prior opinion. *Rodriguez-Zaldivar v. Leggett*, 21-0478 (La. App. 4 Cir. 9/28/22), --- So.3d ---, 2022 WL 4494100, *writ granted, judgment vacated and set aside*, 22-01688 (La. 2/7/23), 354 So.3d 658. Progressive brought its appeal before this Court, seeking reversal of the March 10, 2021 trial judgment awarding damages to Plaintiffs. In our prior opinion, this Court found that Plaintiffs failed to show that they were unavailable for trial, as provided in La. C.C.P. art. 1450, and

1

that the erroneous admission of Plaintiffs' depositions into evidence, in lieu of their live testimony, affected a substantial right, Progressive's opportunity to cross-examine witnesses at trial. The Louisiana Supreme Court upheld our evidentiary determination, but it vacated this Court's remand of the case for a new trial. Pursuant to the Supreme Court's instruction, we conduct an independent *de novo* review of the record to determine the sufficiency of the evidence. *Rodriguez-Zaldivar*, 22-01688, p. 1, 354 So.3d at 658 (citing *Cook v. Sullivan*, 20-01471, pp. 6-7 (La. 9/30/21), 330 So.3d 152, 157, *reh'g denied*, 20-01471 (La. 12/7/21), 347 So.3d 863). On our review, we find that the evidence is insufficient to prove causation of Plaintiffs' injuries.

Plaintiffs allege that they sustained personal injuries in a vehicle collision, wherein Progressive's insured, Charles Leggett ("Leggett"), backed his Chevrolet Tahoe into a parked utility van owned by Zaldivar. At trial, Plaintiffs did not testify, and we cannot consider their depositions in our review. No witness testified at trial to Plaintiffs' accounts of their accident. Notably, Leggett, the only live witness at trial, testified that no one was inside the van at the time of the collision. Leggett testified that if a person was in the front seat of the van, he would have seen him. According to Leggett, after the collision, he parked and exited his Tahoe, and a male in his 30's or 40's approached him from down the street, claiming to be the owner of the van. The other evidence introduced at trial included the Progressive policy, photographs of the van and accident site, map images of the accident site, and Plaintiffs' respective medical records.

In the absence of Plaintiffs' testimony, the only evidence admitted at trial that Plaintiffs were inside the van at the time of the collision are their patient histories – the statements given to their medical providers which purport to give a reason for their injuries – as documented within their medical records. Progressive stipulated to the authenticity of most of these medical records at trial, with the exception of certain billing records it objected to as untimely produced, but reserved its rights to challenge medical causation.

We recognize that patient histories are usually admissible as hearsay exceptions. *See* La. C.E. art. 803(4). Nevertheless, where the inability to confront or cross-examine a witness is at issue, such patient histories alone are generally insufficient to meet a patient's burden of proof as to causation. *Abadie v. Metro. Life Ins. Co.*, 00-344, 00-345 - 00-856, pp. 5-6 (La. App. 5 Cir. 4/11/01), 804 So.2d 4, 6-7 (citing *Holmes v. Caeser*, 528 So.2d 1391, 1392 (La. App. 4th Cir. 1988); *Morris v. Players Lake Charles, Inc.*, 99-1864, pp. 3-4 (La. App. 3 Cir. 4/5/00), 761 So.2d 27, 29); *see also Gooding v. Merrigan*, 15-200, pp. 6-7 (La. App. 5 Cir. 11/19/15), 180 So.3d 578, 582-83 (citing *Trascher v. Territo*, 11-2093, p. 8 (La. 5/8/12), 89 So.3d 357, 364). Rather, "the medical record provides at most prima facie evidence that the statements were made, not of the truth of the statements." *Abadie*, 00-344, 00-345 - 00-856, p. 6, 804 So.2d at 7 (quoting *Morris*, 99-1864, pp. 3-4, 761 So.2d at 29).

"The plaintiff seeking damages in a civil action must prove each element of his claim by a preponderance of the evidence." *Bradley v. Safeway Ins. Co. of La.*,

3

08-1188, p. 2 (La. App. 4 Cir. 5/6/09), 17 So.3d 1, 2 (citing *Erwin v. State Farm Mut. Auto. Ins. Co.*, 34,127, p. 4 (La. App. 2 Cir. 11/1/00), 771 So.2d 229, 232)). Louisiana jurisprudence employs a duty-risk analysis to resolve negligence claims under La. C.C. art. 2315. *Doe v. McKesson*, 21-00929, p. 7 (La. 3/25/22), 339 So.3d 524, 531. A plaintiff seeking to prevail under a negligence claim must prove five elements:

> (1) the plaintiff suffered an injury; (2) the defendant owed a duty of care to the plaintiff; (3) the duty was breached by the defendant; (4) the conduct in question was the cause-in-fact of the resulting harm; and (5) the risk of harm was within the scope of protection afforded by the duty breached.

*Id.* "Failure to prove any of the elements of the duty-risk analysis results in a determination of no liability." *Seymour v. House of Blues New Orleans Rest. Corp.*, 20-0297, p. 6, n. 4 (La. App. 4 Cir. 11/25/20), 309 So.3d 805, 811 (quoting *Finch v. HRI Lodging, Inc.*, 49,497, p. 8 (La. App. 2 Cir. 11/19/14), 152 So.3d 1039, 1044).

"The test for determining the causal relationship between an accident and a subsequent injury is whether the plaintiff proved through medical and lay testimony that it is more probable than not that the subsequent injuries were caused by the accident." *Williams v. Stewart*, 10-0457, p. 6 (La. App. 4 Cir. 9/22/10), 46 So.3d 266, 272. We find the evidence of record is insufficient to prove causation of Zaldivar's and Cruz's injuries. Without Plaintiffs' testimony, the only evidence of Plaintiffs' presence inside the van at the moment of the collision are their statements given to health care providers, "which, although admissible as hearsay

4

exceptions, standing alone are insufficient to carry [their] burden." *See Abadie*, 00-344, 00-345 - 00-856, p. 7, 804 So.2d at 7.

Plaintiffs argue that they can establish causation via the *Housley* presumption. We disagree. The *Housley* presumption is a jurisprudentially-created concept wherein:

> a plaintiff may be aided by a presumption of causation if before the accident the plaintiff was in good health, but subsequent to the accident the symptoms of the disabling condition appear and those symptoms continuously manifest themselves afterward providing that the evidence establishes a reasonable possibility of causal connection between the accident and the disabling condition.

*Williams*, 10-0457, pp. 6-7, 46 So.3d at 272 (citing *Housley v. Cerise*, 579 So.2d 973, 980 (La. 1991))(other citations omitted). We find no case, however, that would allow Zaldivar and Cruz a presumption that *they were involved in an accident. Contrast Housley*, 579 So.2d at 975 (wherein plaintiff and corroborating eyewitness testified that plaintiff fell down the stairs). Even if the Tahoe collided with the van, we cannot presume that both Zaldivar and Cruz were inside. Evidence is needed. We cannot apply the *Housley* presumption to these facts, and the record before us on remand lacks sufficient evidence that the Tahoe's collision with the van caused Plaintiffs' injuries.

Accordingly, for the reasons set forth herein, we reverse the March 10, 2021 trial judgment, we render judgment in favor of Progressive Security Insurance Company, and we dismiss Plaintiffs' claims with prejudice.

**REVERSED AND RENDERED**