ON REMAND FROM THE SUPREME COURT
|, MICHAEL E. KIRBY, Judge.
In our original consideration of this case, Deep South Towing, Inc.v. Sedgwick of New Orleans and Marsh U.S.A., Inc., 2003-1829 (La.App. 4 Cir. 4/7/04), 876 So.2d 102, we reversed a trial court judgment in favor of defendant and declined to consider defendant’s peremption argument. The Louisiana Supreme Court has now reversed our decision not to consider the peremption issue and remanded the case to us to review the trial court’s denial of the exception of peremption. See, Deep South Towing, Inc. v. Sedgwick of New Orleans and Marsh U.S.A., Inc., 2004-2115 (La.11/17/04) 887 So.2d 458.

FACTS:

The salient facts are taken from our previous opinion in this matter. As of July 1997 La. R.S. 22:1262 and 22:1262.1 require surplus line insurance brokers to place insurance with an insurer on a list of approved, non-admitted insurers (the “white list”) maintained by the Louisiana Commissioner of Insurance. On April 28, 1996 plaintiff obtained ocean marine liabili *468 ty insurance through the defendant | pherein. Defendant placed the insurance with a surplus lines insurer and it was twice re-placed with that carrier for successive one-year terms. However, the insurer, H.I.H. Casualty and Marine Insurance Company of Australia, did not meet the financial qualifications to be placed on the Commissioner of Insurance’s “white list”. In March of 1999, during the third one-year term of the policy, a seaman employed by plaintiff suffered injuries and filed a Jones Act suit against plaintiff herein. The resulting judgment was never paid by H.I.H., and in fact it was dismissed as a party to the seaman’s suit as a result of a stay issued by the bankruptcy court handling its bankruptcy. As a result plaintiff has suffered an economic loss of over one-half million dollars.
On April 30, 2001 plaintiff filed the instant suit seeking full indemnity against the broker for negligently placing its ocean marine coverage with H.I.H. Defendant excepted to plaintiffs petition on the basis of the one and three year peremptive periods of La. R.S. 9:5606. The trial court found that plaintiff had timely filed suit. As a result of the remand from the Louisiana Supreme Court, supra, we proceed to a consideration of that issue.

DISCUSSION:

Defendant bases its peremption argument upon La. R.S. 9:5606:
Section 5606 Actions for professional insurance agent liability
A. No action for damages against any insurance agent, broker, solicitor, or other similar licensee under this state; whether based upon tort, or breach of contract, orjjptherwise, arising out of an engagement to provide insurance services shall be brought unless filed in a court of competent jurisdiction and proper venue within one year from the date of the alleged act, omission, or neglect, or within one year from the date that the alleged act, omission, or neglect is discovered or should have been discovered. However, even as to actions filed within one year from the date of such discovery, in all events such actions shall be filed at the latest within three years from the date of the alleged act, omission, or neglect.
[[Image here]]
D. The one-year and three-year periods of limitation provided in subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458 and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.
Civil Code Article 3458 provides that peremption is the time fixed by law for the existence of a right. Unless the right is timely exercised it is extinguished when the peremption period expires. Civil Code Article 3461 provides that peremption may not be “renounced, interrupted or suspended.”
Plaintiffs suit is not perempted by the one-year period of La. R.S. 9:5606.
That statute, supra, provides that suit must be filed against the broker within one year from the date the negligent conduct was discovered or should have been discovered. We note that at the time the previous two one-year policies became effective there was no legal requirement that ocean marine insurance be placed with companies on the “white list.” That duty did not arise until the 1997 amendments to La. R.S. 22:1262 and 1262.1 which became effective in July of 1997. At the time of the placement of the first policy (1996) defendant informed plaintiff that H.I.H. was not on the “white list;” that it was not required to be on the “white list;” but, that it was trying to be added to the “white list” since *469 it wanted to write certain types of insurance in Louisiana for which it had to be on the list. ^Defendant never informed plaintiff that H.I.H. never succeeded in being placed on the list. It was thus reasonable for plaintiff to believe H.I.H. was on the “white list” when the policy sub judice was issued in 1998, nine months after the law changed, requiring non admitted ocean marine insurers to be on the list.
H.I.H. did not become insolvent and seek bankruptcy protection until March of 2001. This was the first notice plaintiff had that H.I.H. was not on the “white list.” Thus, suit filed two months later, April 30, 2001 was within one year of the discovery of the alleged facts.
In order to get insurance for a succeeding year plaintiff was required to submit a new application to defendant each time the previous policy expired. Thus each policy was a separate engagement to provide services. We have already noted that the requirement that H.I.H. be on the “white list” did not arise until the legislative amendments became effective in July of 1997. In view of the fact that the first policy placed after the amendments went into effect was the policy of April 28, 1998, it cannot be gainsaid that plaintiffs cause of action did not (indeed could not) arise until April 28, 1998. Defendant was not negligent until that 1998-1999 policy became effective in April of 1998.
Since plaintiff filed its suit within three years of April 28, 1998[1] its claim is not extinguished by preemption of three years.
For the above and foregoing reasons the trial court’s judgment overruling defendant’s exception of peremption is affirmed. In all other respects our previous | Bopinion reversing the trial court judgment on the merits and remanding the case for further proceedings remains in full force and effect.
JUDGMENT ON EXCEPTION OF PEREMPTION AFFIRMED; CASE REMANDED FOR FURTHER PROCEEDINGS CONSISTENT HEREWITH.
ARMSTRONG, C.J., Concurs with Reasons.

. We take judicial notice that April 28, 2001 was a Saturday. Civil Code Articles 3459 provides: "The provisions on prescription governing computation of time apply to preemption.” Civil Code Article 3454, dealing with prescription states that prescription [per-emption] accrues on the last day of the prescriptive [peremptive] period. However, if the last day is a legal holiday, prescription [per-emption] accrues on the next day that is not a legal holiday. See also La.Code of Civil Procedure article 5059. Pursuant to La. R.S. 1:55(A)(1) the whole of every Saturday is a legal holiday in Orleans parish, the venue of this suit.