*855
 
 PER CURIAM.
 

 liThe Council of the City of New Orleans and its seven individual members (collectively referred to hereafter as “Council”) seek review of a judgment of the court of appeal vacating a preliminary injunction issued by the district court. For the reasons that follow, we vacate the judgment of the court of appeal and remand the case to the court of appeal for further proceedings.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 On or about December 3, 2008, attorney Tracie Washington, in her capacity as managing director of the Louisiana Justice Institute, made a public records request to the City of New Orleans though the City Attorney, seeking all e-mail communications of certain council members from July 1, 2006. In early March 2009, the Council became aware that copies of CDs containing Council e-mails were provided to Ms. Washington by Veronica White, the Director of Sanitation, without knowledge of the City Attorney.
 

 |2On March 4, 2009, the Council filed a “Petition for Writ of Injunction” against Ms. Washington and the Louisiana Justice Institute.
 
 [1]
 
 In its petition, the Council alleged that some of the documents produced to Ms. Washington are “privileged, personal and/or otherwise protected under the Public Records Act.” In support of its petition, the Council introduced affidavits of several individuals, including the cur
 
 *856
 
 rent City Attorney, members of the Council, and attorneys employed by the Council to represent it in litigation, indicating that some of the communications contained privileged information.
 

 Defendants opposed the Council’s request for injunctive relief, arguing that they made a proper public records request and received the e-mails in response to that request. Defendants did not raise any constitutional issues at the hearing.
 

 On March 17, 2009, the district court granted the Council’s request for preliminary injunction. Among other things, the district court’s judgment enjoined defendants from transferring any documents received in response to the public records request to any other person or entity. The injunction further provided that “none of the documents produced in the document production shall be made public or placed, transferred or posted on the internet, nor in any way be made available or disseminated to any other persons.”
 
 [2]
 

 Defendants applied for supervisory review. In their application they argued, for the first time, that the district court’s judgment violated their rights under the First Amendment to the United States Constitution.
 

 |:!A five-judge panel of the court of appeal vacated the preliminary injunction in a split ruling. Relying on
 
 New York Times Co. v. United States,
 
 403 U.S. 713, 91 S.Ct. 2140, 29 L.Ed.2d 822 (1971), the majority found that restricting defendants’ right to publish information received by them, regardless of whether it was received legally or illegally, would violate the First Amendment. In its opinion, the majority acknowledged that defendants had not raised the constitutional issue in the district court. Nonetheless, the majority found review was appropriate pursuant to La.Code Civ. P. art. 2164.
 
 [3]
 

 One judge concurred in the result, finding that the Council failed to demonstrate irreparable harm. Another judge dissented and would have denied the writ, finding the majority erred in reaching the constitutional issue when it was not raised by the parties in the district court.
 

 The Council then applied to this court, seeking a stay order and expedited consideration. We granted the request for stay on May 13, 2009.
 

 DISCUSSION
 

 The well-settled jurisprudence of this court establishes that as a general matter, appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed.
 
 Johnson v. State,
 
 02-2382, p. 4 (La.5/20/03), 851 So.2d 918, 921;
 
 Geiger v. State ex rel. Department of Health and Hospital,
 
 01-2206, p. 11 (La.4/12/02),4 815 So.2d 80, 86;
 
 Boudreaux v. State through Dept. of Transp. & Dev.,
 
 01-1329, p. 2 (La.2/26/02), 815 So.2d 7, 8-9;
 
 Coats v. American Tel. & Tel. Co.,
 
 95-2670, p. 6 (La.10/25/96), 681 So.2d 1243, 1246 n. 5;
 
 Segura v. Frank,
 
 93-1271, p. 15 (La.1/14/94), 630 So.2d 714, 725;
 
 Krauss Co. v. Develle,
 
 236 La. 1072, 110 So.2d 104,
 
 *857
 
 105-06 (1959);
 
 Weingart v. Delgado,
 
 204 La. 752, 16 So.2d 254, 256 (1943);
 
 Gaines v. Crichton,
 
 187 La. 345, 174 So. 666, 668 (1937);
 
 Succession of Quinn,
 
 183 La. 727, 164 So. 781, 784 (1935). The longstanding jurisprudential rule of law in Louisiana is that litigants must raise constitutional attacks in the trial court, not the appellate courts, and that the constitutional challenge must be specially pleaded and the grounds for the claim particularized.
 
 Mosing v. Domas,
 
 02-0012 (La.10/15/02), 830 So.2d 967;
 
 Vallo v. Gayle Oil Co.,
 
 94-1238 (La.11/30/94), 646 So.2d 859. The purpose of these procedural rules is to afford interested parties sufficient time to brief and prepare arguments defending the constitutionality of the challenged statute.
 
 State v. Hatton,
 
 07-2377, p. 14 (La.7/1/08), 985 So.2d 709, 719.
 

 In the instant case, it is undisputed that defendants raised the constitutional issue for the first time in the court of appeal. No particularized constitutional claims were pleaded by defendants in the district court, nor was any record developed on this issue in the district court.
 
 [4]
 

 Under these circumstances, we find the court of appeal erred in reaching defendants’ constitutional arguments. Accordingly, without reaching the merits, we | svacate the judgment of the court of appeal, and remand the case to the court of appeal for consideration of any remaining issues presented by defendants’ application for supervisory writs.
 
 [5]
 

 DECREE
 

 For the reasons assigned, the judgment of the court of appeal is vacated and set aside. The case is remanded to the court of appeal for further proceedings consistent with this opinion.
 

 [1]
 

 . Also named as a defendant was Tionne Simon, who had also made a public records request for certain communications. At the time of the hearing on the injunction, the Council had not served Ms. Simon, and the district court indicated any relief it issued would not apply to her.
 

 [2]
 

 . The judgment also required defendants to produce the e-mails for
 
 in camera
 
 inspection, and prohibited defendants from retaining “any copies whatsoever, electronically or otherwise.”
 

 [3]
 

 . La.Code Civ. P. art. 2164 provides:
 

 The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal. The court may award damages for frivolous appeal; and may tax the costs of the lower or appellate court, or any part thereof, against any party to the suit, as in its judgment may be considered equitable.
 

 [4]
 

 . The problems resulting from the failure to develop a proper record in the district court are readily apparent in this case, as the court of appeal’s holding is premised in large measure on unsubstantiated statements taken from defendants' brief. For example, the court of appeal makes a finding that Ms. Washington "discussed these records with numerous individuals and also discussed the records publicly." However, as the Council points out, Ms. Washington’s affidavit filed in the district court does not state that she disseminated the e-mails. Rather, for the first time in their appellate brief, defendants asserted Ms. Washington "shared copies of the public record e-mails with as many as dozens of other citizens.” It is clear that briefs and oral arguments of counsel are not evidence.
 
 Vice-domini v. Pelts & Skins,
 
 01-2268 (La.App. 1 Cir. 2/15/02), 808 So.2d 867.
 

 [5]
 

 . In its brief to this court, the Council suggests that Ms. Washington may have violated the injunction issued by the district court's order. Without passing on this issue, we note that nothing in our order of remand divests the district court of jurisdiction to consider the issue of contempt. See
 
 Cousin v. Cousin,
 
 327 So.2d 138, 139 (La.App. 4 Cir.1976).