PAUL A. BONIN, Judge.
| ¡According to the petition in this legal malpractice case, the late Ann Hamm Diaz engaged Lance Licciardi, an attorney, to notarize her last will and testament, which she executed on October 31, 2006. Following her death, two of the named legatees, Louis Diaz, Jr. and Tristan Diaz, probated the notarial testament only to have the probate annulled because the attestation clause as required by La. Civil Code art. 1577 was legally insufficient. On Monday, *794 November 2, 2009, the named legatees fax-filed this action for legal malpractice against the attorney and his law firm.[1]
The attorney and his law firm excepted to the petition on the ground that the filing was beyond the three-year peremptive period applicable to legal malpractice actions. See La. R.S. 9:5605 A. The trial judge sustained the exception and dismissed the Diaz’s lawsuit with prejudice, and this appeal followed.
Because there is no factual dispute, we have reviewed the legal issue under the de novo standard. Hall v. Folger Coffee Co., 03-1734, p. 10 (La.4/14/04), 874 So.2d 90, 99. The sole dispositive issue in this appeal is how to compute the three-year peremptive period. We conclude that because October 31, 2009, being a Saturday, was a legal holiday and the next day following that date which was not a Illegal holiday was Monday, November 2, 2009, the three-year peremptive period did not accrue until that date and the fax filing is timely. We thus vacate the trial court’s ruling sustaining the exception and remand this matter to the trial court.
On remand, however, we reserve to the exceptors a further hearing on their exception on a factual issue which the trial court did not reach during the earlier hearing. The defendants argue that the legatees did not timely pay the filing fees for the fax-filing. Because the record is incomplete on this single issue, we will allow the ex-ceptors to move to re-open the hearing and obtain a ruling on this discrete issue.
We explain our decision more fully in the following Parts.
I
In this Part we address Mr. Licciardi’s contention that the November 2, 2009 filing date is beyond the three-year peremp-tive period.
At the outset, we express agreement with Mr. Licciardi that the three-year period for bringing this legal malpractice against him and his law firm is a peremptive — and not a prescriptive — period. “The one-year and three-year prescriptive periods of limitation in Subsection A of this Section are peremptive periods within the meaning of Civil Code Article 3458,” La. R.S. 9:5605 C provides, “and, in accordance with Civil Code Article 3461, may not be renounced, interrupted, or suspended.” See also La. Civil Code art. 3461, which provides declares that preemption “may not be renounced, interrupted, or suspended.” This precept is now indisputable. See Reeder v. North, 97-0239 (La.10/21/97), 701 So.2d 1291, 1295; Naghi v. Brener, 08-2527, p. 4 (La.6/26/09), 17 |4So.3d 919, 922, and, more recently, Jenkins v. Starns, 11-1170, p. 2 (La.1/24/12), 85 So.3d 612, 615.
“Peremption is a period of time fixed by law for the existence of a right.” La. Civil Code art. 3458. “Unless timely exercised, it is extinguished upon the expiration of the peremptive period.” Id. (emphasis added). The issue here is not whether the three-year period has been renounced, interrupted, or suspended; it cannot be. The issue is how to compute the three-year period.
“The provisions on prescription governing computation of time apply to peremption.” La. Civil Code art. 3459. “In computing a prescriptive period, the day that marks the commencement of prescription is not counted.” La. Civil Code art. 3454. “Prescription accrues upon the expiration of the last day of the prescriptive period, and if that day is a legal holiday, prescription accrues upon the expiration of the next day that is not a legal holiday.” Id. (emphasis added).
*795 Because Mr. Licciardi notarized Mrs. Diaz’s last will and testament on October 31, 2006, there is no serious disagreement that the three-year peremptive period is counted from that date.[2] After her death and after the probate of her will, the district court found, and we later affirmed, that the notarial will was an absolute nullity because it failed to include an attestation clause signed by the notary and two witnesses, in the presence of the testatrix, signifying that: 1) the testatrix signified to the notary and two witnesses that the instrument she was signing was her last will; and 2) they witnessed the testatrix sign her name on the bottom of each page and at the end of the will. See Succession of Anna Hamm Diaz, 10-0057 (La.App. 4 Cir. 6/30/10), 39 So.3d 858 (Table)[3]; see also La. Civil Code art. 1577.
| ¿There is no factual issue that the three-year period would have expired on October 31, 2009, except that that date was a Saturday.[4] A Saturday is a legal holiday. See La. R.S. 1:55 E(3); see also La. C.C.P. art. 5059.
La. Civil Code art. 3459 clearly directs us to apply the provisions on prescription in order to compute peremption. See Teague v. St. Paul Fire and Marine Ins. Co., 07-1384, p. 14 (La.2/1/08), 974 So.2d 1266, 1276; Deep South Towing, Inc. v. Sedgwick of New Orleans and Marsh U.S.A., Inc., 03-1829, p. 4 (La.App. 4 Cir. 3/23/05), 901 So.2d 466, 469 n. 1.
“If a prescriptive period consists of one or more years, prescription accrues upon the expiration of the last day of the last year that corresponds with the date of the commencement of prescription.” La. Civil Code art. 3456. When the last day of the last year is a legal holiday, however, the date of accrual is extended until the next day that is not a legal holiday. See La. Civil Code art. 3454.
La. Civil Code art. 3454, which governs computation of prescription, would mutatis mutandis apply to peremption as follows: “In computing a peremptive period, the day that marks the commencement of per-emption is not counted. Peremption accrues upon the expiration of the last day of the peremptive period and if that day is a legal holiday, peremption accrues upon the expiration of the next day that is not a legal holiday.”[5]
Thus, the three-year peremptive period in this case accrued not on October 31, 2009 but on the following Monday, which was November 2, 2009. This is not |fia renunciation, interruption, or suspension of the three-year peremptive period; it is the computation of the three-year peremptive period.
*796 II
In this Part, we address issues raised by Mr. Licciardi and by the trial judge in his written reasons, which issues pertain to the filing of the lawsuit by fax on Monday, November 2, 2009. The first is Mr. Lic-ciardi’s contention that there is no proof of timely payment of filing fees when the original suit was filed later in the week. The second is the trial judge’s consideration that the lawsuit could have been filed by fax on Saturday, October 31, 2009.
A
When filing a lawsuit by fax, the petitioner must within five days, exclusive of holidays, forward to the clerk in addition to the original lawsuit any applicable filing fee as well as a transmission fee of five dollars. See La. R.S. 13:850 B. “If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect.” La. R.S. 13:850 C.
Mr. Licciardi concedes that the Diaz’s original petition was forwarded, and filed in the record, within five days of November 2, 2009.[6] Mr. Licciardi alternatively argues, however, that the trial court’s ruling must be affirmed, regardless of how the time is computed, because the Diazes did not establish that they forwarded the fees required by Subsection B and consequently the fax-filing of November 2, 2009 is of no effect.
Having examined the record thoroughly, we note that Mr. Licciardi did not raise this issue before the trial court, but instead argues the fee issue for the first 17time before this Court and essentially invites this Court to make a factual finding as to the Diaz’s compliance with La. R.S. 13:850. The well-settled jurisprudence of this state establishes that as a general matter, appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed. See Council of the City of New Orleans, et al. v. Tracie Washington, 09-1067, p. 3 (La.5/29/09), 9 So.3d 854, 856, and cases cited therein. Put simply, at this time we cannot address Mr. Licciardi’s fee argument because the parties and the trial court have not developed the record sufficiently for a resolution of this matter. Accordingly, on remand, we permit Mr. Lic-ciardi and the law firm to move for a further hearing on their exception on the grounds that the Diazes failed to comply with the fee requirements of La. R.S. 13:850.
B
The trial judge in his written reasons for judgment considered that the Diazes could have filed their lawsuit by fax on October 31, 2009, and, having failed to do so, their filing on November 2, 2009 is too late. The trial judge wrote that “[t]he statute requires the Clerk of Court to make available the [fax] equipment regardless of the time of day or day of the week.”[7] Assuming, as did the trial judge, that the clerk of court accepted fax-filings on Saturday, October 31, 2009, we nonetheless disagree with the trial judge’s legal conclusion that on that account peremption accrued on that date.
“It shall be lawful to file and record suits ... on Wednesday and Saturday holidays and half-holidays.”- La. R.S. 1:55 C. *797 The fact that a clerk of court may | saccept a lawsuit for filing on the last day of a prescriptive or peremptive period does not alter the method of computing the period when the last day falls on a legal holiday. Thus, even if the clerk of court’s fax-equipment was operable on that Saturday, the peremptive period did not accrue until the Monday.
CONCLUSION
We compute the three-year peremptive period in this case to have accrued on November 2, 2009.
DECREE
The judgment sustaining the exception of peremption and dismissing with prejudice the lawsuit of Louis Diaz, Jr. and Tristan Diaz against Lance Licciardi and Nicosia, Licciardi & Nunez, LLC, is vacated. The matter is remanded to the district court for further proceedings in accord with our opinion.
VACATED AND REMANDED

. The law firm is Nicosia, Licciardi & Nunez, LLC.

. We are not concerned with the one-year peremptive periods, and there is no suggestion that the legatees knew of or should have discovered any malpractice more than one year before October 31, 2009 or November 2, 2009.

. See La. C.C.P. art. 2168.

. We take judicial notice that October 31, 2009, was a Saturday. See La. C.E. art. 201 B(2), and Deep South Towing, Inc. v. Sedgwick of New Orleans and Marsh U.S.A., Inc., 03-1829, p. 4 (La.App. 4 Cir. 3/23/05), 901 So.2d 466, 469 n. 1.

.Our paraphrase accords with the definition of the word "accrue,” which underlies La. Civil Code art. 3454. Black’s Law Dictionary notes that that "accrue” is derived “from the Latin, ‘ad’ and 'creso,' to grow to.” Black’s v. Law Dictionary 37 (4th ed.1968). It means "to increase; to augment; to come to by way of increase; to be added as an increase, profit, or damage.” Id. Black’s notes that the word "is also used of independent or original demands, and then means to arise, to happen, to come into force or existence ... to come to pass.” Id., citations omitted.

. The record contains a November 2, 2009, correspondence from the Diaz’s attorney that purports to forward the original petition and a check for the filing fee. The record, however, does not indicate when this correspondence was actually forwarded to the Clerk of Court’s office.

. The trial judge did not identify the statute to which he was referring. We find no such requirement in La. R.S. 13:850.