**DARLENE WATSON AS ADMINISTRATOR OF THE ESTATE OF JOHN LEE**

**VERSUS**

**WOLDENBERG VILLAGE, INC.**

\*     NO. 2020-CA-0453

\*

\*     COURT OF APPEAL

\*     FOURTH CIRCUIT

\*

    STATE OF LOUISIANA

\* \* \* \* \* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-08770, DIVISION "B-1"
Honorable Rachael Johnson, Judge
\* \* \* \* \* \*
**JAMES F. MCKAY III**
**CHIEF JUDGE**
\* \* \* \* \* \*

(Court composed of Chief Judge James F. McKay III, Judge Daniel L. Dysart, Judge Dale N. Atkins)

LOUIS A. GERDES, JR.
1739 St. Bernard Avenue
New Orleans, Louisiana 70116
    COUNSEL FOR PLAINTIFF/APPELLANT

ANN MARIE LEBLANC
KATHRYN M. CARAWAY
ERICA L. ANDREWS
CARAWAY LEBLANC, LLC
3936 Bienville Street
New Orleans, Louisiana 70119
    COUNSEL FOR DEFENDANT/APPELLEE

**AFFIRMED**

**JULY 7, 2021**

The plaintiff, Darlene Watson, as administrator of the estate of John Lee, appeals the trial court's granting of the exceptions of no right of action and prescription in favor of the defendant, Woldenberg Village, Inc. (Woldenberg). For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On April 1, 2014, John Lee was admitted to Woldenberg (an assisted living/rehabilitation facility). Mr. Lee had a history of a prior fall, hip fracture and surgery. On April 15, 2014, Mr. Lee fell from his wheelchair and broke his hip while residing at Woldenberg. On July 15, 2014, Mr. Lee died of unrelated causes.

Ms. Watson, Mr. Lee's stepdaughter, filed a petition for damages as administrator of Mr. Lee's estate on September 8, 2014, and later filed a first amended petition on October 19, 2015. Woldenberg filed an exception of prematurity, arguing that the allegations sounded in medical malpractice. The trial

1

court granted the exception but this Court reversed.[1]  Thereafter, Woldenberg filed an answer denying all substantive allegations.

On May 19, 2017, Woldenberg filed an exception of no right of action, arguing that Ms. Watson had no right to bring the lawsuit in her capacity as the administrator of the estate of Mr. Lee or otherwise.  Ms. Watson then filed a second amended petition on July 20, 2017, naming Mr. Lee's children, John Lee, Jr., Stacy Bell, and Ivan Lee, as plaintiffs.  On September 3, 2019, Woldenberg moved to reset its exception of no right of action and also filed a peremptory exception of prescription.

Following oral argument, the trial court ruled in favor of Woldenberg on November 12, 2019, granting the exception of no right of action and dismissing the petition for damages and the first amended petition with prejudice.  The trial court also granted the exception of prescription and dismissed the second amended petition with prejudice.  Ms. Watson now appeals the trial court's judgment.

**DISCUSSION**

On appeal, Ms. Watson raises the following assignments of error: (1) "[t]he Court below erred in finding that a timely filed suit by the Administrator of the Estate of an injured decedent did not interrupt the running of prescription on behalf of the children and designated beneficiaries of the survival action of the said injured decedent[;]" and (2) "[a]lternatively, the Court [below] erred by not finding that in the absence of a timely filed petition by the children of a previously injured

---

[1] *Watson v. Woldenberg Vill., Inc.*, 2016-0159 (La. App. 4 Cir. 10/5/16), 203 So.3d 317; *writ denied*, 2016-1964 (La. 12/16/16), 211 So.3d 1168.

decedent, the administrator of the estate of a decedent may present a claim for all the damages to the decedent or at the very least for the debt due the estate for special damages including but not limited to medical and nursing expenses or for reimbursement for the inadequate services provided to the decedent."

The standard of review relating to an exception of no right of action is generally *de novo*. *N. Clark, L.L.C. v. Chisesi*, 2016-0599, p. 3 (La. App. 4 Cir. 12/7/16), 206 So.3d 1013, 1015 (citation omitted). Under that standard, the issue is whether the lower court's decision was legally correct.

While examining some discovery responses, which Ms. Watson had forwarded on May 8, 2017, Woldenberg's counsel discovered for the first time that Mr. Lee had three children. However, none of Mr. Lee's children were named as parties in the original petition. Ms. Watson, Mr. Lee's step-daughter, filed suit as the administrator of his estate. Mr. Lee's children were not named as plaintiffs until the second amended petition was filed on July 20, 2017.

Louisiana Civil Code Article 2315.1 (A) and (B) provides:

A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:

(1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.

(2) The surviving father and mother of the deceased, or either of them if he left no spouse or child surviving.

(3) The surviving brothers and sisters of the deceased, or any of them, if he left no spouse, child, or parent surviving.

(4) The surviving grandfathers and grandmothers of the deceased, or any of them, if he left no spouse, child, parent, or sibling surviving.

B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

According to La. C.C. art. 2315.1, Ms. Watson, as a succession representative, would have only had a right to bring this claim in the absence of Mr. Lee's children or any other class of beneficiary described in that code article. *See Guffey v. Lexington House, LLC,* 2018-1568, p. 16 (La. 5/8/19), 283 So.3d 1001, 1011. However, in the instant case, Mr. Lee's children are not absent and were in fact named as plaintiffs in the second amending petition filed on July 20, 2017. Because Mr. Lee's children are not absent, Ms. Watson is precluded from bringing the survival action as the succession representative. We also note that La. C.C. art. 2315.1, which sets forth the exclusive list of who can file survival action claims, includes biological and adoptive relations only, not step-relations. *See Succession of Theobald*, 2018-241, p. 5 (La.App. 5 Cir. 12/27/18), 263 So.3d 960, 965. In *Theobald*, the Court held that stepchildren do not have a wrongful death and survival claim relating to their stepfather's death. *Id.* Accordingly, the trial court in the instant case correctly found that Ms. Watson had no right of action.

As in the instant case, when evidence is introduced to support or controvert a peremptory exception of prescription, the manifest error or clearly wrong standard of review applies. *Wells Fargo Fin. La, Inc. v. Galloway*, 2017-0413, p. 8 (La. App. 4 Cir. 11/15/17), 231 So.3d 793, 800 (citing *Miralda v. Gonzalez*, 2014-0888, pp. 17-18 (La. App. 4 Cir. 2/4/15), 160 So.3d 998, 1009). According to La. C.C.

4

art. 2315.1(A), which governs the prescriptive period for the plaintiff's action: "If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased."

In the instant case, a proper plaintiff had one year from July 17, 2014, the date of Mr. Lee's death, to file a survival action because the claim prescribed on July 17, 2015. However, Ms. Watson did not attempt to bring in the proper parties to this action until June 20, 2017, almost three years after Mr. Lee's death. As such, the second amended petition is prescribed on its face. Furthermore, the second amended petition cannot relate back to the original petition because both the original partition and the first amended petition were invalid and it was as if they never existed. The Louisiana Supreme Court has stated that the relation back theory found in La. C.C.P. art. 1153 assumes that there is a legally viable claim to which the pleading can relate back, and when that claim is not viable because the party bringing it lacks a right of action, the untimely claim does not relate back and is prescribed. *Naghi v. Brener*, 2008-2527, p. 10 (La. 6/26/09), 17 So.3d 919, 925. Accordingly, we find no error in the trial court's granting of Woldenberg's exception of prescription.

On appeal, Ms. Watson raises a new "contractual" claim, which she asserts she is entitled to bring as succession representative. Ms. Watson argues that she can recover for the medical bills incurred as a result of Mr. Lee's fall at home and

up until his fall at Woldenberg.  It is well-established that appellate courts will not consider issues raised for the first time on appeal, which are not pleaded in the court below and which the trial court has not addressed.  *Council of City of New Orleans v. Washington*, 2009-1067, p. 3 (La. 5/29/09), 9 So.3d 854, 856 (citations omitted).  As such, Ms. Watson cannot raise a new argument on appeal.

**CONCLUSION**

For the foregoing reasons, we affirm the trial court's judgment granting Woldenberg's exception of no right of action and peremptory exception of prescription.  We further reject Ms. Watson's attempt to raise issues for the first time before this Court.

**AFFIRMED**