| | | |
|---|---|---|
| UNIVERSAL SERVICES AND ASSOCIATES, LLC | * | NO. 2022-CA-0427 |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| WADE GRUNDMEYER, VAL COERVER, TAUBER OIL COMPANY, TAUBER PETROCHEMICAL CO., CHAD VERHOFF AND CAROLYN SHEFFIELD | * | FOURTH CIRCUIT |
| | * | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2021-08933, DIVISION "E"
Honorable Omar Mason, Judge
* * * * * *
**JUDGE SANDRA CABRINA JENKINS**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Sandra Cabrina Jenkins, Judge Rachael D. Johnson)

**BELSOME, J., CONCURS IN THE RESULT**

James C. Cronvich
Clarence F. Favret, III
Jordan T. LeBlanc
FAVRET CARRIERE CRONVICH, LLC
650 Poydras Street
Suite 2300
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLANT

Tristan Edwards Manthey
Loretta G. Mince
Michael R. Dodson
FISHMAN HAYGOOD, L.L.P.
201 St. Charles Avenue
Suite 4600
New Orleans, LA 70170-4600

      COUNSEL FOR DEFENDANT/APPELLEE

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**
**MARCH 20, 2023**

We grant plaintiff-appellant, Universal Services and Associates, L.L.C. ("Universal") application for rehearing for the limited purpose of addressing its argument that this Court erred in not performing an equitable estoppel analysis.

In our January 26, 2023 opinion, we found that, although the defendant-appellees were not signatories of the Universal and Tauber contracts, they could avail themselves of the clause because Universal failed to show that the forum selection clause was "unreasonable or unjust, or that the clause is invalid for such reasons as fraud or overreaching." *Shelter Mut. Ins. Co. v. Rimkus Consulting Grp., Inc. of Louisiana*, 2013-1977, p. 9 (La. 7/1/14), 148 So.3d 871, 877.

First, we note that in its original appellant's brief, Universal argued that equitable estoppel is inapplicable because it is not attempting to enforce a right under the contracts. However, in its application for rehearing, Universal contends that an equitable estoppel analysis is needed to determine whether the forum selection clause applied to the defendant-appellees, Wade Grundmeyer, Val Coerver, WMG Enterprises, L.L.C. ("WMG"), and Coerver Enterprises, Inc.

("Coerver Enterprises"), who were non-signatories to the contract with Tauber Oil Company. We disagree.

"It is well settled that appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district court has not addressed." *Hardy v. Juvenile Justice Intervention Center*, 2021-0715, p. 5 (La. App. 4 Cir. 6/15/22), 342 So.3d 1076, 1080 (citing *Council of City of New Orleans v. Washington*, 2009-1067, pp. 3-4 (La. 5/29/09), 9 So.3d 854, 856). Furthermore, our courts "generally do not grant rehearings to consider issues raised for the first time in the application for rehearing." *Lege v. Union Carbide Corp.*, 2020-0252 (La. App. 4 Cir. 5/12/21), ---So.3d ----, 2021 WL 1917784, * 2 (quoting *Rodrigue v. LeGros*, 563 So.2d 248, 257 (La. 1990) (internal citation omitted).

Accordingly, we decline to consider for the first time on appeal, Universal's argument that an equitable estoppel analysis is needed to determine the applicability of the forum selection clause.

For these reasons, we grant a limited rehearing, deny relief, and affirm our original opinion.

**LIMITED REHEARING GRANTED; RELIEF DENIED; ORIGINAL OPINION AFFIRMED**