STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0036

KEVIN COPE AND ROGER LAINE

**VERSUS**

**BOARD OF SUPERVISORS OF LOUISIANA STATE UNIVERSITY AND
A&M COLLEGE, TEACHERS RETIREMENT SYSTEM OF LOUISIANA**

Judgment Rendered: _____JUL 3 1 2025_____

* * * * * * *

On Appeal from the 19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court Docket Number C633758, Div./Sec. 21

Honorable Ronald R. Johnson, Judge Presiding

* * * * * * *

| | |
|---|---|
| Jill L. Craft<br>W. Brett Conrad, Jr.<br>Baton Rouge, Louisiana | Counsel for Plaintiffs/Appellants<br>Kevin Cope and Roger Laine |
| Richard F. Zimmerman, Jr.<br>Jennifer Aaron Hataway<br>Madeline King Rabalais<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellee,<br>Teachers' Retirement System of<br>Louisiana |

* * * * * * *

**BEFORE: PENZATO, STROMBERG, AND FIELDS, JJ.**

**PENZATO, J.**

This case concerns the constitutionality of La. R.S. 11:927(B)(1), which provides for employer contributions to the Optional Retirement Plan (ORP) administered by Teachers' Retirement System of Louisiana (TRSL) prior to July 1, 2014. Plaintiffs are professors at Louisiana State University and A&M College (LSU), who elected to participate in the ORP. They filed a suit for declaratory judgment against the Board of Supervisors of LSU and TRSL, alleging that La. R.S. 11:927(B)(1) violates their due process rights and results in an unconstitutional taking of their property, *i.e.*, retirement benefits. The trial court granted a motion for partial summary judgment filed by TRSL and dismissed plaintiffs' constitutional claim asserted against it with prejudice. Plaintiffs appealed. After *de novo* review, we affirm.

## PERTINENT FACTUAL AND PROCEDURAL HISTORY

Kevin Cope and Roger Laine are both long-time professors at LSU.[1] Upon employment, they were enrolled in TRSL's defined benefit plan. See La. R.S. 11:721. Participants in this plan receive benefits in a defined amount when they retire. See La. R.S. 11:768; *Louisiana Municipal Association v. State*, 2004-0227 (La. 1/19/05), 893 So.2d 809, 816. The plan is funded by statutorily determined employee and employer contributions, and the state guarantees retirement benefits. See La. Const. Art. X, § 29(A); La. R.S. 11:102, La. R.S. 11:884, La. R.S. 11:885.

In 1989, the legislature introduced the ORP as an alternative to participation in the TRSL available only to employees of higher education institutions and their boards. See La. R.S. 11:921 and La. R.S. 11:925. Like the defined benefit plan, the ORP is administered by TRSL and funded by employee and employer contributions. See La. R.S. 11:923 and La. R.S. 11:927. Otherwise, the ORP functions more like

---

[1] The facts in this matter are not in dispute.

2

a private sector retirement plan. ORP funds are invested by a firm chosen by the employee (the "designated company") from three options provided by TRSL. See La. R.S. 11:924. The state does not guarantee retirement benefits in the ORP, and an ORP participant does not receive benefits in a defined or set amount upon retirement like participants in the defined benefit plan. See La. R.S. 11:929. Instead, the ORP participant receives the balance of his ORP account, payable by the designated company.[2] See La. R.S. 11:929(B)(1). ORP accounts are portable, allowing the employee to take his plan assets with him if he changes employers. See La. R.S. 11:922.[3] Cope and Laine chose to participate in the ORP shortly after the plan became available.

Around the same time the ORP was created, the state was grappling with its previous failure to ensure that employer contributions to the state retirement system kept pace with benefits paid to retirees. See *Retired State Employees Association v. State*, 2013-0499 (La. 6/28/13), 119 So.3d 568, 576 n.5. This historical shortfall, or the difference between the present value of employer contributions (assets) and retiree benefits (liabilities), is known as the unfunded accrued liability (UAL). It is the debt owed by the state to fully fund its retirement systems. *Retired State Employees Association*, 119 So.3d at 576 n.5.

To address the UAL and to ensure the financial soundness of state and statewide public retirement systems, La. Const. art. X, § 29 was amended, effective December 1987, to add paragraph (E). *City of New Orleans v. Louisiana Assessors' Retirement & Relief Fund*, 2005-2548 (La. 10/1/07), 986 So.2d 1, 9.[4]

---

[2] According to the parties, the employee owns the ORP account and is vested immediately. We are unable to find statutory support for this assertion.

[3] The purpose of the ORP is to provide retirement and death benefits to the participants while affording the maximum portability of these benefits to the participants. La. R.S. 11:922. Participation in the ORP is irrevocable. See La. R.S. 11:925(A); LAC 58:III.1507(A).

[4] Pursuant to La. Const. art. X, § 29(E)(1), the state and statewide retirement systems must attain and maintain actuarial soundness. To accomplish this, the legislature must establish the method of actuarial valuation to be employed by each state and statewide retirement system.

This constitutional amendment pertinently requires that, for retirement systems guaranteed by the state, like TRSL, the legislature must (1) determine and set all required contributions to be made by the employee/member, (2) provide an amount necessary to fund the employer portion of the normal cost, which is the monthly amount the employer contributes on behalf of its employees to fund the retirement system, and (3) provide for the amortization of the UAL existing as of June 30, 1988 by the year 2029. See La. Const. art. X, § 29(E)(2)(a), (b), and (c).

In accordance with this mandate, La. R.S. 11:927 provides for the calculation and determination of contributions to be made by employees participating in the ORP and their employers. Subpart (B)(1) concerns employer contributions and states:

> Prior to July 1, 2014, each employer institution and board shall contribute to [TRSL] on behalf of each participant in the [ORP] the same amount it would have contributed if the participant had been a member of the regular retirement plan of [TRSL]. Upon receipt of this contribution, [TRSL] shall promptly pay over to the appropriate designated company or companies an amount equal to the employer's portion of the normal cost contribution as determined annually by the Public Retirement Systems' Actuarial Committee, this amount to be credited to the participant's contract or contracts. [TRSL] shall retain the balance of this contribution for application to the [UAL] of the system.

Thus, for the relevant period, La. R.S. 11:927(B)(1) required LSU to make a monthly lump sum contribution to TRSL on behalf of each ORP participant/employee, which was broken into two amounts. TRSL directed the first amount to each employee's ORP account to be invested by the employee's the designated company. TRSL directed the second amount to the UAL (referred to as "LSU's UAL funds"). See La. R.S. 11:927(B)(1).

The remaining subparts of La. R.S. 11:927 provide the method for determining an ORP employer's contribution amounts for fiscal years following July 1, 2014 and are not at issue in this appeal, because the plaintiffs' constitutional challenge was narrowly focused on Subpart (B)(1). Specifically, Cope and Laine

pertinently sought judgment "declaring the transfer [of] payments to TRSL from ORP mandated by La. R.S. 11:927(B)(1) to fund the UAL [was] unconstitutional."[5] The longstanding jurisprudential rule of law in Louisiana is that a constitutional challenge must be specifically pled and the grounds for the claim particularized. See *Council of City of New Orleans v. Washington*, 2009-1067 (La. 5/29/09), 9 So.3d 854, 857. Thus, we focus only on the constitutionality of La. R.S. 11:927(B)(1).

Cope and Laine asserted that LSU's UAL funds were part of their compensation and, thus, belonged to them. They contended these funds were unconstitutionally taken from them and the ORP system to pay a debt owed by TRSL's defined benefit plan, from which they reaped no benefits. According to Cope and Laine, the statutory requirement that they, ORP members, contributed to the UAL (via LSU's UAL funds) violated their individual property rights. Thus, they asserted a takings claim and a substantive due process claim pursuant to the U.S. and Louisiana constitutions.

**TRSL's MOTION FOR PARTIAL SUMMARY JUDGMENT**

TRSL filed a "Motion for Partial Summary Judgment Regarding Whether the Unfunded Accrued Liability Contributions are Unconstitutional" to dismiss the plaintiffs' claim for a declaratory judgment that the UAL contributions by plaintiffs and/or LSU were unconstitutional. TRSL asserted the plaintiffs were not required to and did not contribute to the UAL and did not own any portion of LSU's UAL funds. Instead, according to TRSL, the only contributions made by plaintiffs (to

---

[5] The plaintiffs also sought declaratory judgment that the ORP does not meet the minimum requirements of a qualified Social Security retirement plan and that TRSL breached its fiduciary duty. The trial court granted TRSL's motions for partial summary judgment on each issue and dismissed these claims with prejudice in separate judgments. The plaintiffs' appeals from these judgments were assigned to different panels of this court. See *Cope v. Board of Supervisors of Louisiana State University and A&M College*, 2025-0035 (La. App. 1st Cir. 7/3/25) --- So.3d ---, 2025 WL 183284 (affirming the judgment granting TRSL's "Motion for Partial Summary Judgment Regarding Whether the Teachers' Retirement System of Louisiana Board Breached its Fiduciary Duty") and 2025 CA 0034 (regarding whether the ORP meets the requirements of a Social Security replacement plan). There are no additional claims pending against TRSL; however, LSU remains a defendant in this proceeding.

5

their individual ORP accounts) were pursuant to La. R.S. 11:927(A), which pertinently provides that each ORP participant shall contribute monthly to the ORP the same amount that he would be required to contribute to TRSL's defined benefit plan if he were a member of that plan.

The Louisiana Attorney General filed a memorandum in support of the constitutionality of La. R.S. 11:927(B)(1), reiterating TRSL's argument that the plaintiffs had no property interest in LSU's UAL funds.

The plaintiffs opposed the motion, first arguing that, because TRSL's peremptory exception of no cause of action was previously denied, the law of the case doctrine bars reconsideration of whether they had a property interest in LSU's contributions that were "diverted" to pay for the UAL and whether the "diversion" was unconstitutional.

Next, Cope and Laine reasserted that LSU's UAL funds were part of their compensation, to which they had a protected property interest. Without discussing La. R.S. 11:927(B)(1), plaintiffs asserted, generally, that TRSL's "diversion" of a portion of their money to pay the UAL is unconstitutional and in violation of La. Const. art. X, § 29(E)(5). This constitutional provision states:

> All assets, proceeds, or income of the state and statewide public retirement systems, and all contributions and payments made to the system to provide for retirement and related benefits shall be held, invested as authorized by law, or disbursed as in trust for the exclusive purpose of providing such benefits, refunds, and administrative expenses under the management of the boards of trustees and **shall not be encumbered for or diverted to any other purpose.** The accrued benefits of members of any state or statewide public retirement system shall not be diminished or impaired.

La. Const. art. X, § 29(E)(5) (Emphasis added to indicate the text relied on by the plaintiffs). Notably, Cope and Laine did not point to any statute that supports their claim of ownership to LSU's UAL funds. Instead, they cited cases, which generally state that an employee's retirement benefits are part of his compensation. See *Fishbein v. State ex rel. Louisiana State University Health Sciences Center*, 2004-

2482 (La. 4/12/05), 898 So.2d 1260, 1271 (holding plaintiff's supplemental salary was part of her earned compensation); *Andrepont v. Lake Charles Harbor and Terminal District*, 602 So.2d 704, 710 (La. 1992) (holding plaintiff was entitled to receive his employer's contributions to his state retirement system for the period he was discharged without cause); and *T. L. James & Co., Inc., v. Montgomery*, 332 So.2d 834, 851 (La. 1975) (on rehearing) (concluding an employer's contribution into a retirement-type plan is not a purely gratuitous act, but is in the nature of additional remuneration to the employee who meets the conditions of the plan).

The trial court rendered judgment on May 1, 2024, granting TRSL's motion for partial summary judgment and dismissing plaintiffs' claim against TRSL that LSU's UAL contributions are unconstitutional. Cope and Laine timely appealed.

## JURISDICTION

Appellate courts have a duty to examine subject matter jurisdiction, which extends only to final judgments, even if the parties do not raise the issue. See La. C.C.P. art. 2083(A); *Pontchartrain Natural Gas System v. Texas Brine Company, LLC*, 2022-0738 (La. App. 1st Cir. 12/29/22), 360 So.3d 874, 878. A partial summary judgment rendered under La. C.C.P. art. 966(E) may be immediately appealed during ongoing litigation if the trial court properly designated it as a final judgment.[6] See La. C.C.P. art. 1915(B)(1). Here, after the May 1, 2024 judgment was signed, the trial court granted plaintiffs' motion to designate the partial judgment as final under Article 1915(B)(1), finding no just reason for delay.

This court is not bound by the trial court's Article 1915(B) certification; however, after *de novo* review and consideration of the factors set forth in *R.J. Messinger, Inc. v. Rosenblum*, 2004-1664 (La. 3/2/05), 894 So.2d 1113, 1122, we

---

[6] A trial court may render a partial summary judgment dispositive of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties, even though the grant of summary judgment does not dispose of the entire case as to that party or parties. La. C.C.P. art. 966(E); *Pontchartrain*, 360 So.3d at 878.

7

likewise find no just reason for delay and find this court has jurisdiction to consider this appeal.[7]

## ISSUES ON APPEAL

Cope and Laine raised two assignments of error: (1) the trial court failed to apply the law of the case doctrine, which should have precluded summary judgment, and (2) the trial court erred by granting TRSL's motion for partial summary judgment, because evidence shows the UAL diversion is unconstitutional and unlawful.

### I. Law of the Case

Cope and Laine contend the law of the case doctrine applies, because the trial court previously decided that they *alleged* to have a property interest in LSU's contributions, referring to the trial court's denial of TRSL's exception of no cause of action. However, the law of the case doctrine does not apply to interlocutory rulings, like the trial court's denial of TRSL's exception. See La. C.C.P. art. 1915(B); *Zanella's Wax Bar, LLC v. Trudy's Wax Bar, LLC*, 2019-0043 (La. App. 1st Cir. 11/7/19), 291 So.3d 693, 697, *writ denied*, 2019-01931 (La. 1/28/20), 291 So.3d 1052.

The law of the case doctrine likewise does not apply to this court's denial of TRSL's writ application from the judgment denying its exception. See *Cope v. Board of Supervisors of Louisiana State University and A&M College*, 2015-1186 (La. App. 1st Cir. 11/30/15), (unpublished writ action).[8] The law of the case doctrine only applies when the same issue is presented to the same court that has previously decided that issue in the same case. *Lathon v. Leslie Lakes Retirement Center*,

---

[7] The non-exclusive *Messinger* factors are: (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the trial court; (3) the possibility the reviewing court might be obliged to consider the same issue a second time; and (4) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like. *Messinger*, 894 So.2d at 1122. A court must also keep in mind the historic policy against piecemeal appeals. *Pontchartrain*, 360 So.3d at 879.

[8] TRSL sought supervisory writs from the denial of its exception of no cause of action as to Cope and Laine's claim that UAL costs are unconstitutionally imposed on them.

54,479 (La. App. 2d Cir. 9/21/22), 348 So.3d 888, *writ denied*, 2022-01566 (La. 12/20/22), 352 So.3d 80, citing *Babineaux v. Pernie-Bailey Drilling Co.*, 261 La. 1080, 262 So.2d 328, 332 (1972).[9] The denial of writs is a decision not to decide the issues raised in the writ application. *Lathon*, 348 So.3d at 892. Thus, this assignment of error lacks merit.

## II. Constitutional Challenge

As noted, the narrow issue before the court is whether La. R.S. 11:927(B)(1) unconstitutionally mandated an unlawful taking of the plaintiffs' property without due process.

### a. *Burden of Proof and Standard of Review*

Both the United States and Louisiana constitutions prohibit taking private property without due process and, where private property is taken for public use, without just compensation. See U.S. Const. Amend. V and Amend. XIV; La. Const. Art. 1, §§ 2, 4; *Lingle v. Chevron U.S.A. Inc.*, 544 U.S. 528, 536, 125 S.Ct. 2074, 2080, 161 L. Ed. 2d 876 (2005); *Barber v. Louisiana Workforce Commission*, 2017-0844 (La. App. 1st Cir. 10/19/18), 266 So.3d 368, 381, *writ denied*, 2018-1878 (La. 2/18/19), 264 So.3d 451; *Belle Co., LLC v. State ex rel. Department of Environmental Quality*, 2008-2382 (La. App. 1st Cir. 6/12/09), 25 So.3d 847, 853, *writs denied*, 2009-1582, 2009-1684 (La. 10/9/09), 18 So.3d 1288, 1291. The essence of substantive due process is protection from arbitrary and unreasonable government action. *Barber*, 266 So.3d at 381.

---

[9] We also note the court's inquiry on an exception of no cause of action is limited to determining whether the law provides a remedy to anyone if the facts alleged in the petition are proven at trial. A court exceeds its limited scope on an exception of no cause of action by reaching the merits. *McKinley v. McKinley*, 2024-0850 (La. App. 1st Cir. 3/21/25) --- So.3d ---, ---, 2025 WL 880208, *4. Conversely, a motion for summary judgment may be rendered dispositive of a case or of a particular issue, theory of recovery, cause of action, or defense, in favor of one or more parties. La. C.C.P. art. 966(E). Thus, whether the petition states a cause of action is not determinative of whether TRSL is entitled to summary judgment as a matter of law.

To succeed on a takings claim or one for a violation of substantive due process, Cope and Laine must have a property interest in LSU's UAL funds, not an abstract need or desire for it or a unilateral expectation of it. See *American International Gaming Association, Inc. v. Louisiana Riverboat Gaming Commission*, 2000-2864 (La. App. 1st Cir. 9/11/02), 838 So.2d 5, 16; *Belle Co., LLC*, 25 So.3d at 853.

All laws are presumed to be constitutional until the contrary is made clear. The presumption is especially forceful in the case of statutes enacted to promote a public purpose. *Carver v. Louisiana Department of Public Safety*, 2017-1340 (La. 1/30/18), 239 So.3d 226, 230. The party challenging the statute bears the heavy burden of proving it is unconstitutional. It is not enough to show the statute's constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute. The court must construe the statute so as to preserve its constitutionality when it is reasonable to do so. *Carver*, 239 So.3d at 230. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. C.C. art. 9; *Police Jury of Calcasieu Parish v. Indian Harbor Insurance Co.*, 2024-00449 (La. 10/25/24), 395 So.3d 717, 727.

Finally, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The material facts, that Cope and Laine are LSU professors and are participants in the ORP, are undisputed. Additionally, when summary judgment is granted in the context of statutory interpretation, there are no material issues of fact in dispute, and the sole issue before the reviewing court is a question of law as to the

10

correct interpretation of the challenged statute.[10] *Billeaudeau v. Opelousas General Hospital Authority*, 2016-0846 (La. 10/19/16), 218 So.3d 513, 520. Where the facts are undisputed and the matter presents a purely legal question, summary judgment is appropriate. *Leisure Recreation & Entertainment, Inc. v. First Guaranty Bank*, 2021-00838 (La. 3/25/22), 339 So.3d 508, 517. The *de novo* standard of review applies to this court's review of judgments granting motions for summary judgment and to questions of law. See *Cartesian Company, Inc. v. Division of Administrative Law Ethics Adjudicatory Board Panel A*, 2023-00398 (La. 10/20/23), 371 So.3d 1041, 1053.[11]

### b. *Constitutionality of La. R.S. 11:927(B)(1)*

The Louisiana Public Retirement Law, La. R.S. 11:1, *et seq*, was enacted in 1988[12] to comply with La. Const. art. X, § 29(E) and pertinently included provisions for employee and employer contributions to state retirement systems. Since that time, most employees participating in TRSL's defined benefit plan have been statutorily required to contribute eight percent of their salaries per month to the retirement system.[13] See La. R.S. 11:62(11)(c), as enacted by Acts 1988, No. 81, §

---

[10] TRSL filed the affidavit and report of Kevin Brainard, an expert in state retirement plans, in support of its motion, along with deposition excerpts from plaintiffs and witness, Jeff Lacour. In his expert report, attached to his affidavit, Mr. Brainard explained various aspects of the ORP, TRSL, and UAL. In opposition, plaintiffs filed excerpts from their own depositions wherein they explained their understanding of the relevant issues and the perceived inequity of UAL payments by ORP participants. Plaintiffs also offered excerpts of deposition testimony from witnesses concerning the ORP and excerpts from Mr. Brainard's deposition. After review, we find these exhibits do not create a genuine issue of material fact on the purely legal issue before us. See La. C.C.P. art. 966(A). The interpretation of constitutional articles and statutes is necessarily a question of law. *Crooks v. State Through Department of Natural Resources*, 2022-00625 (La. 1/1/23), 359 So.3d 448, 450.

[11] On a motion for summary judgment, the burden of proof remains with the mover. However, if the moving party will not bear the burden of proof on the issue at trial and points out an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the opponent of the motion fails to do so, there is no genuine issue of material fact and summary judgment will be granted. La. C.C.P. art. 966(D)(1); *Cartesian Company, Inc.*, 371 So.3d at 1053.

[12] Added by Acts 1988, No. 81, § 2, eff. July 1, 1989.

[13] Louisiana Revised Statutes 11:62(11)(a) and (b) established different contribution amounts for "School lunch Plan A" and "School lunch Plan B."

11

2, eff. July 1, 1989 and amended, and La. R.S. 11:884. Although Cope and Laine participate in TRSL's ORP, rather than the defined benefit plan, they are required by La. R.S. 11:927(A) to contribute the same amount as a participant in the defined benefit plan (eight percent of their salaries every month) to their respective retirement accounts.[14] Cope and Laine acknowledged in their depositions that no funds have been withheld from their salaries to contribute directly to the UAL, and LSU's UAL funds have not been deposited into plaintiffs' ORP accounts before being withdrawn and directed to the UAL.

The Louisiana Public Retirement Law included La. R.S. 11:102 to address employer contributions.[15] When enacted in 1988, La. R.S. 11:102(B)(1) pertinently stated that, for each fiscal year, commencing with fiscal year 1989-1990, for each public retirement system guaranteed by La. Const. art. X, § 29,

> the legislature shall set the required employer contribution rate equal to the actuarially required employer contribution, as determined under Paragraph (3) of this Subsection, divided by the total projected payroll of all active members of each particular system for the fiscal year. Each entity funding a portion of a members salary shall also fund the employer's contribution on that portion of the member's salary at the employer contribution rate specified in this Subsection.

Paragraph (B)(3) stated, in relevant part, that the actuarially required employer contribution for each fiscal year, commencing with fiscal year 1989-1990, was the dollar amount equal to the sum of: (a) the employer's normal cost for that fiscal year and (b) that fiscal year's payment necessary to amortize the UAL. See La. R.S. 11:102(B)(3)(a) and (b), as enacted in 1988, eff. July 1, 1989. Louisiana Revised Statutes 11:102 has been substantially amended since its enactment; however, UAL payments have remained the obligation of employers, not employees. Louisiana Revised Statute 11:102 has continued to require TRSL employers to

---

[14] A nominal administration fee (.05 percent) is deducted from this contribution, and the remaining amount (7.95 percent) is directed by TRSL to the investment firm chosen by Cope and Laine. See La. R.S. 11:924 and La. R.S. 11:927

[15] Added by Acts 1988, No. 81, § 2, eff. July 1, 1989.

contribute two amounts: one to fund the normal cost of the system (for the benefit of current employees) and one to the UAL (for the benefit of the system). Both amounts were and continue to be determined by the Public Retirement Systems' Actuarial Committee. See La. R.S. 11:104 and La. R.S. 11:127.

Prior to July 1, 2014, employers like LSU with employees participating in the ORP were required to contribute the same amount as if each employee was a member of TRSL's defined benefit plan. See La. R.S. 11:927(B)(1). Thus, LSU was required to contribute two amounts on behalf of each employee: one to fund the normal cost of the system (for the benefit of the employee) and one to the UAL (for the benefit of the system). See La. R.S. 11:102(B), as enacted in 1988, eff. July 1, 1989 and amended. Louisiana Revised Statutes 11:927(B)(1) required both amounts to be transmitted to TRSL, which was statutorily responsible for distributing the applicable percentage to the employee's ORP account and the remainder to the UAL.

There is nothing in the language of La. R.S. 11:927(B)(1) that supports the plaintiffs' assertion that LSU's UAL funds belong to them.[16] The phrase "on behalf of each participant" in La. R.S. 11:927(B)(1) indicates each employee's salary was used to calculate the dollar amounts of LSU's contribution. For instance, in fiscal year 2013-2014, LSU's total TRSL contribution was 26.5 percent of each ORP participant's salary. From that total (26.5 percent), 5.1839 percent was directed into the participant's ORP account. The remainder, 21.3 percent, was used to pay the UAL. Using Cope and Laine's salaries in a mathematical calculation to determine LSU's UAL payments does not transform LSU's UAL funds into the plaintiffs' property.

The cases cited by plaintiffs generally recognize that retirement contributions represent an increasingly important part of an employee's compensation for his

---

[16] There is likewise nothing in the legislative history of the Louisiana Public Retirement Law to support the plaintiffs' position.

services. *Fishbein*, 898 So.2d at 1265. Courts have found in a variety of factual contexts that retirement benefits are deferred compensation for services. See *Fishbein*, 898 So.2d at 1265; *Andrepont*, 602 So.2d at 708; *T.L. James & Co., Inc.*, 332 So.2d at 841, 851. Our conclusion is consistent with these cases. The plaintiffs' retirement benefits were the funds contributed by LSU, which TRSL credited to each plaintiff's ORP account pursuant to La. R.S. 11:927(B)(1).

Cope's retirement benefit for fiscal year 2013-2014 (LSU's 5.1839 percent monthly contribution) was part of his compensation; there is no assertion that TRSL failed to direct those funds to the appropriate designated company for deposit into Cope's ORP account. The same is true for Laine. The plaintiffs' entitlement to LSU's TRSL contribution ends there. The remaining percentage of LSU's contribution to TRSL was never part of the plaintiffs' compensation, deferred or otherwise. Thus, the plaintiffs have not contributed to the UAL nor has LSU used the plaintiffs' compensation to fulfill its statutory obligation to contribute to the UAL. No taking or deprivation of due process has occurred.

We likewise find La. R.S. 11:927(B)(1) does not result in an unconstitutional diversion of TRSL assets, proceeds, or income in contravention of La. Const. art. X, § 29(E)(5). Instead, LSU's UAL funds are being directed in accordance with La. Const. art. X, § 29(E)(2)(c) to the amortization of the UAL.

No genuine issue of material fact remains as to the constitutionality of La. R.S. 11:927(B)(1), and TRSL is entitled to summary judgment as a matter of law. See La. C.C.P. art. 966(A)(3).

## CONCLUSION

For the foregoing reasons, we affirm the May 1, 2024 judgment granting the "Motion for Partial Summary Judgment Regarding Whether the Unfunded Accrued Liability Contributions are Unconstitutional" filed by Teachers' Retirement System of Louisiana and dismissing the plaintiffs' claim for a declaratory judgment that the

transfer of payments to the Teachers' Retirement System of Louisiana from the Optional Retirement Plan mandated by La. R.S. 11:927(B)(1) to fund the Unfunded Accrued Liability is unconstitutional. Costs of this appeal are assessed against plaintiffs, Kevin Cope and Roger Laine.

**AFFIRMED.**